MAURICE P. CLARE, administrator, *vs.* NEW YORK AND
NEW ENGLAND RAILROAD COMPANY.

Worcester.    October 1, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Cause of Accident Conjectural.*

An action for personal injuries alleged to have been caused to the employee of a
railroad company by a defect in the machinery of a hand-car, from which he
was thrown while he was turning one of the cranks thereof, cannot be main-
tained, if the cause of the injury is wholly conjectural.

TORT, for personal injuries occasioned to the plaintiff's intes-
tate, William Morrissey, while in the defendant's employ, which
injuries resulted in his death.    The declaration, which was un-
der the employers' liability act, St. 1887, c. 270, alleged, among
other things, that the injuries were received "by reason of a
defect of which said intestate was ignorant in the condition of
said defendant's ways, works, and machinery, to wit, in a certain
hand-car, the property of the defendant, the gearing on said car
connected with crank and axle being worn, broken, and defect-
ive, and the caps and bearings of the shaft and crank by which
said car was propelled being worn, broken, and defective, and
the woodwork, box, and frame, and brakes of the said car, being
worn, broken, and defective, by reason of which the said intes-
tate was thrown from said car and was injured by said car pass-
ing over him on the tracks of said defendant, which defects arose
from and had not been discovered or remedied owing to the
negligence of the defendant, or some person in the service of
the defendant intrusted with and exercising the duty of seeing
that such ways, works, and machinery, and said car were in
proper condition."

Trial in the Superior Court, before *Braley*, J., who, at the
request of the defendant, directed the jury to return a verdict
for the defendant; and the plaintiff alleged exceptions.    The
material facts appear in the opinion.

*W. A. Gile*, for the plaintiff.

*F. P. Goulding*, for the defendant.

HOLMES, J.    The only eyewitness of the accident was a fellow workman, who was turning the crank of the hand-car on the left, while Morrissey was turning it on the right. According to his statement, he himself was pulling on the crank, and Morrissey was pushing, when Morrissey suddenly went out of the car over the crank, head first.    The witness further stated that he did not know what caused the accident, that nothing happened to his side of the crank so far as he noticed, and that it turned all right, smooth, without any trouble.    We assume that there was evidence that the box, when pulled on as it would be in climbing a hard grade, would rise enough to allow the gears to slip.    But there was no other evidence connecting the defendant with Morrissey's fall.

We are of the opinion that the judge was right in taking the case from the jury on the ground that it would be mere conjecture, at the best, if the injury should be attributed to slipping of the gears.    Such a case is not to be left to the jury unless the court can say that the jury are warranted from their experience as men of the world in saying that the accident is more likely to happen from the alleged defect than from other possible causes. If, on the other hand, the court can see that common experience does not warrant such a judgment, it is its duty to direct a verdict.    In this case it seems to us that it cannot be said that the fall was more likely to happen from the slipping of a gear than from some one of the other causes for which the defendant was not responsible.    Morrissey's clothes may have caught on the crank, as in *Carey* v. *Boston & Maine Railroad*, 158 Mass. 228, or he may have lost his balance by too violent a motion, or he may have been seized with vertigo.    The cause relied on has to be set against the total of other possible causes.    We cannot admit that common experience may have furnished the jury with data as to the relative frequency of the different chances sufficient to enable them to pronounce a rational determination. It is a practical question with reference to the particular facts of the case, but it is one of those practical questions upon which the court have to exercise their judgment in the first place before submitting it to any one else.    See *Doyle* v. *Boston & Albany Railroad*, 145 Mass. 386, 387, 388.    The plaintiff's evidence, which is all that there is in the case concerning the pre-

cise mode of the accident, distinctly negatives the slipping of the gear, since one handle of the crank could not have moved irregularly without the other doing the same, and, although theoretically the jury might honestly have disbelieved so much of this evidence as was unfavorable to the plaintiff, the testimony brings out more forcibly the wholly conjectural character of the plaintiff's suggestion of the cause.                    *Exceptions overruled.*