CATHERINE LEARY, administratrix, *vs.* FITCHBURG
RAILROAD COMPANY.

SAME *vs.* SAME.

Middlesex.     March 22, 1899. — May 18, 1899.

Present: HOLMES, KNOWLTON, MORTON, & HAMMOND, JJ.

*Personal Injuries — Death — Negligence — Passenger — Evidence — Matter
within Discretion of Presiding Justice.*

A passenger was found under the wheels of a car on the opposite side from a station. Just as the car started other passengers got out on the right side. *Held,* that even assuming that the condition of the road was dangerous on the side of the accident, that the car started too quickly and that the passenger was not warned, there was no case for the jury under Pub. Sts. c. 112, § 212. The mere happening of the accident is not sufficient evidence unless, as matter of experience applicable to this particular case, the result is more likely to be due to the defendant's negligence than to any of the other possible causes.

The admission of evidence that passengers frequently were confused and got out on the wrong side is of the kind which is left largely to the discretion of the presiding judge.

Two ACTIONS OF TORT, by the administratrix of Timothy Leary, the first under Pub. Sts. c. 112, § 212, for causing his death, and the second for personal injuries previous thereto. Trial in the Superior Court, before *Hammond*, J., who, at the close of the testimony, directed a verdict for the defendant in each case ; and the plaintiff alleged exceptions, which appear in the opinion.

*G. L. Mayberry & T. F. Carey*, for the plaintiff.

*G. A. Torrey*, for the defendant.

HOLMES, J.   These are actions for personal injuries and death, brought by the administratrix of one Timothy Leary.   Leary was a passenger upon one of the defendant's trains, and presumably was bound for Waltham, where he lived.   The train had run beyond the Waltham station in order to use a switch, and had backed into the station, had stopped and had started, when Leary was found under the wheels on the wrong side of the train.   How he came to be there is pure matter of conjecture. If we assume, contrary to the fair import of the evidence, that the train started too quickly, there is nothing to show that that fact had anything to do with the accident.   If we assume that the condition of the road was dangerous for passengers alighting upon the side away from the station, because of testimony that there was snow " where it had been thrown off the tracks alongside in a heap about a foot or so from the track," which would be going a great way, again it does not appear that that circumstance contributed to the accident.   It does not appear that Leary did not know as well as the other passengers who got out at the same time which was the proper side to get out at.   He must have seen the others as they left the train, so that it would be an unwarranted conjecture to attribute his being on the wrong side to a failure to warn him, if there was any duty to warn him within *McKimble* v. *Boston & Maine Railroad*, 139 Mass. 542.

In all cases of this sort, where the evidence stops short of direct testimony to the personal causes of the accident, the question is whether the jury are warranted by common experience

in saying that such accidents are so much more likely to be due to the defendant's fault than to any of the other possible causes, that they ought to presume that this one was due to such fault. This is a practical question of experience, and depends upon the nature of the particular case. *Clare* v. *New York & New England Railroad,* 167 Mass. 39, 40. *Graham* v. *Badger,* 164 Mass. 42, 47. In the case at bar it seems to us that to attribute Leary's death to the defendant would be founding a verdict upon a guess.

The evidence that it was a frequent thing for passengers to become confused and to get out on the wrong side of the train was one of those inquiries into collateral issues which, even if instructive or theoretically relevant, are left largely to the discretion of the presiding justice. See *Reeve* v. *Dennett,* 145 Mass. 23, 28.　　　　　　　　　　　　　*Exceptions overruled.*