DELIA M. KELLER, administratrix, *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk. January 26, 1926. — May 25, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Railroad. *Evidence*, Matter of conjecture, Remoteness.

An action by an administratrix against a railroad corporation for causing conscious suffering and the death of an employee of the defendant cannot be maintained on evidence showing merely that about twenty minutes after the intestate had left his work in the defendant's shop he was found suffering from multiple injuries near rails of tracks of the defendant which were beneath a bridge over which others of its tracks

ran; that, standing where the intestate was found or somewhere near there, and looking up, a week after the accident, two witnesses saw a clean hole above them which, when they walked out on the bridge, they found to be in a plank walk; and that, at later times, they saw what looked to be fresher or newer boards placed in the walk at that spot, indicating to them that repairs had been made. A verdict for the defendant was ordered. *Held*, that the cause of the intestate's condition when found was left on the evidence a matter of conjecture, and that the verdict properly was ordered.

TORT for causing conscious suffering and the death of the plaintiff's intestate, Daniel J. Keller. Writ dated September 15, 1917.

In the Superior Court, the action was tried before *J. F. Brown*, J. Material evidence is described in the opinion. At the close of the evidence, on a motion by the defendant, a verdict was ordered for the defendant. The plaintiff alleged exceptions, which, after the death of *J. F. Brown*, J., were allowed by *Morton*, J.

*G. P. Drury*, for the plaintiff.

*Joseph Wentworth*, for the defendant.

WAIT, J. The plaintiff's intestate was an employee of the defendant as night watchman at its Readville shops. He had been working there for six days before January 31, 1917. It had been his practice to quit work about 5:45 A.M. and to take a train for Boston at the Readville station on the defendant's Midland Division at 5:59 A.M. On the morning of January 31 he was seen in the shop performing his duties about five o'clock, again inside the shop yards as the men were leaving, and by the gateman at the main gate before six o'clock as he passed through. He was next seen when he was found suffering from multiple serious injuries about 6.10 A.M., lying not far from the westerly rail of a Providence Division track under the bridge by which the tracks of the Midland Division cross those of the Providence Division. How he came there and what caused his injuries was pure conjecture.

The plaintiff contends that he fell from the level of the Midland Division tracks on the bridge through an opening in a narrow plank walk which ran beside and to the north of track 2, and which, she claims, was negligently suffered by

the defendant to be out of repair. The evidence of lack of repair was testimony that, standing where the intestate was found or somewhere near there, and looking up, a week after the accident, two witnesses saw a clean hole above them which, when they walked out on the bridge, they found to be in the plank walk; and testimony of others that, at later times, they saw what looked to be fresher or newer boards in the walk at that spot, indicating to them that repairs had been made.

It is sufficient to say that such evidence will not support a finding that the defendant was negligent. *Clare* v. *New York & New England Railroad,* 167 Mass. 39. *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389. *Milano* v. *Wasserman, ante,* 1. *Di Leo* v. *Eastern Massachusetts Street Railway, ante,* 140.

It is not necessary to discuss the other point argued by the plaintiff. The exclusion of testimony of conduct of the defendant which tended to show acquiescence in the use of the bridge by its employees in going to and from their work five years after the accident was within the discretion of the judge. No abuse appears. *Commonwealth* v. *Reagan,* 175 Mass. 335. The order directing the verdict was made rightly.

*Exceptions overruled.*