### LIZZIE SMITH
### v.
### JOSEPH A. KURRUS.

*Damages for Injury to Personal Property—Vehicle—Negligent Driver.*

1. In an action to recover damages to a vehicle, caused by the defendant's negligence in remaining within sound of a band of music with a restless horse, this court declines to interfere with a verdict for the plaintiff.

2. In such a case the owner of the vehicle injured, and not the hirer thereof, is the proper person to bring suit.

[Opinion filed November 1, 1889.]

APPEAL from the City Court of East St. Louis, St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

Mr. WILLIAM P. LAUNTZ, for appellant.

Messrs. ALEX. FLANNIGEN and JESSE M. FREELS, for appellee.

GREEN, J. This suit was brought in justice's court, and there plaintiff recovered a judgment for $11; defendant appealed to the Circuit Court, and by consent the venue was

Smith v. Kurrus.

changed to the city court, where a trial was had and resulted in a verdict and judgment for plaintiff for $11, and defendant took this appeal. The damages recovered were for injuries to plaintiff of $9.94, occasioned by a collision with defendant's buggy, brought about by the negligence of the defendant. It appears by the record, one Mrs. Wilson hired a horse and surrey of plaintiff, and drove out to witness the ceremony of laying the corner-stone of a church, and there defendant's buggy collided with and damaged the vehicle in which Mrs. Wilson was quietly sitting watching the proceedings. There was a large crowd at the place, and a band of music. A short time before the accident the horse driven by defendant was frightened by the sound of the music, and became so unmanageable that it required the efforts of several men to then prevent him from running away and dashing through the crowd; yet, notwithstanding this, defendant remained on the ground in her buggy until the band again commenced playing, when the horse again became frightened at the sound of the music and ran the defendant's buggy against plaintiff's vehicle and damaged it as above stated. We are satisfied with the verdict and judgment.

Appellee, as owner of the damaged vehicle, was the proper party to bring the suit; he, and not his bailee, was the one having the legal right of action to recover damages for the injury proven. He testified he owned the vehicle and was not contradicted; he also testified as to the amount of his damages. The jury properly found the negligence of defendant caused the injury, and properly awarded plaintiff damages therefor. The court did not err in refusing to give the first and fourth instructions asked on behalf of defendant, or in modifying defendant's second and third instructions.

No error appearing requiring the reversal of the judgment, it is affirmed.

*Judgment affirmed.*