WILLIAM HEALEY, BY JOSEPH HEALEY, AS NEXT FRIEND, AND WILLIAM GLENFIELD, BY JOHN GLENFIELD, AS NEXT FRIEND, AND JOSEPH HEALEY, APPELLANTS, v. CECIL BRAESTED, RESPONDENT.

Submitted December 11, 1922—Decided March 5, 1923.

1. Plaintiff, while driving a motorcycle on the right-hand side of a public street, was run into ·by defendant's automobile, which approached the motorcycle on the right-hand side from an intersecting street—*Held*, that under section 4 of the Traffic act (*Pamph. L.* 1915, *p.* 289) the plaintiff had the right of way, and while a mere infraction of that statute will not alone form the basis of a right of recovery, such violation may be considered by the jury along with other testimony on the question of defendant's negligence.

2. Whether defendant, who while driving on a public street ran into the motorcycle of the plaintiff, causing personal injuries, which motorcycle had the right of way, could have avoided running into the motorcycle, presented a jury question.

3. Where the driver of a motorcycle was lawfully pursuing his way on the right side of a public street, and was suddenly run into by defendant's automobile, which was being driven across to the wrong side of the highway, the plaintiff cannot properly be said to have been guilty of contributory negligence.

On appeal from the Hudson County Circuit Court.

For the appellants, *Robert H. Doherty.*

For the respondent, *Levitan & Levitan (Abraham Levitan* of counsel).

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment of nonsuit entered in the Hudson County Circuit Court, in an action brought by the plaintiffs, who joined under the new practice act, against the defendant, to recover damages sustained by each of them as the result of a collision occurring, in the day time, on November 20th, 1921, on a public highway in Jersey City, between an automobile, alleged to have been carelessly operated and driven by the defendant, with a motorcycle, having a side car attached, driven along the highway by the plaintiff, William Healey, a minor, nineteen years of age.

The trial disclosed the following facts: The plaintiff, William Healey, was driving a motorcycle along Griffith street in a westerly direction. In the side car attached William Glenfield, a minor, twenty years of age, was seated. The defendant was driving an automobile in a northerly direction along Webster avenue, approaching Healey's motorcycle on the right hand side and ran into it. Griffith street crosses Webster avenue at right angles. The testimony tended to show, that at the time of the collision, the motorcycle had reached a point a little beyond the centre line of Webster avenue, and was on the right hand side of Griffith street, going at a speed of eight or nine miles an hour, and had been just changed from second speed to first speed when it was run into at the rear wheel by the defendant's automobile, with such force that the motorcycle was thrown over to a fence alongside of a grocery store on Griffith street west of Webster avenue, and that the automobile proceeded along Webster avenue, beyond Griffith street, a distance past seven houses before it was stopped. Although there was no direct testimony of the speed of the automobile, nevertheless, the jury would have been warranted in finding, from the force of the impact with the motorcycle and the distance the automobile proceeded thereafter, before it was stopped, that the latter was being driven at an excessive rate of speed. Section 4 of the Traffic act (Pamph. L. 1915, p. 289) provides:

"Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." The motorcycle under the testimony had the right of way. Of course, the mere infraction of this provision of the traffic law cannot alone be properly made the basis of a right of recovery, but such violation is to be considered by the jury along with the other testimony of the case on the question of negligent conduct. *Baker* v. *Fogg* and *Hires Co.*, 95 *N. J. L.* 230.

Whether the defendant, under the circumstances, in the exercise of ordinary care could have avoided running into the motorcycle was not a court question, but clearly a question for a jury to decide. *Fox* v. *Great Atlantic and Pacific Tea Co.*, 84 *N. J. L.* 726; *Jones* v. *Public Service Railway Co.*, 86 *Id.* 646; *Daly* v. *Case*, 88 *Id.* 295.

The fact that the judgment of non-suit was predicated upon the ground that there was an absence of proof of negligence does not preclude the court from considering any other legal ground upon which the judgment may be sustained. Thus if it clearly appeared that the operator of the motorcycle was guilty of negligence contributing to his injury the non-suit would be upheld. But a careful examination of the testimony does not lead to any such result. For it is incomprehensible to the human understanding how it can be fairly argued that Healey was chargeable with a failure to exercise reasonable care which contributed to his injury, in view of the fact that there was testimony in the case from which a jury might have reasonably found that the driver of the motorcycle was lawfully pursuing his way on the right side of the public street, when his machine was suddenly run into by the defendant's automobile, as a result of its being driven across to the wrong side of the highway and where it had no lawful right to be. See *Pool* v. *Brown*, 89 *N. J. L.* 314 (at *pp.* 316, 317).

The case was clearly one for the jury to determine and, therefore, the judgment of non-suit is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.