The judgment should be reversed because of this error and a new trial ordered.

All concur.

Judgment of conviction reversed on the law and new trial ordered.

---

JOHN E. SALM, Respondent, *v.* JOSEPH BLEAU, Doing Business under the Name and Style of JOSEPH BLEAU & SON, Appellant.

Third Department, November 13, 1924.

**Motor vehicles — actions to recover for property damages and personal injuries arising out of collision between plaintiff's automobile and defendant's motor truck at highway intersection — plaintiff was traveling west and defendant was traveling south — building, gasoline filling station and standing automobile on northeast corner obstructed view — defendant's truck was moving at rate of twenty-five miles per hour — driver on defendant's truck gave no signal and did not slow down — truck hit automobile opposite front seat and carried it fifty feet — defendant was presumptively negligent under Highway Law, § 287, subd. 4 — verdict against defendant supported by evidence — plaintiff slowed down and sounded horn — plaintiff not guilty of contributory negligence as matter of law — defendant did not have right of way since rights were not equally balanced.**

In actions to recover for damages to plaintiff's automobile and for personal injuries to plaintiff arising out of a collision at a highway intersection between plaintiff's automobile traveling west and defendant's motor truck traveling

south, the jury were justified in finding the defendant guilty of negligence, since the evidence establishes that the defendant's truck was traveling at the rate of twenty-five miles per hour as it approached the highway intersection; that it did not slow down and the driver did not sound his horn; that the view of the driver was obstructed by a building, gasoline filling station and a standing automobile at the northeast corner of the intersection; and that the defendant's truck struck plaintiff's automobile opposite the front seat and carried it fifty feet before the truck was stopped.

The defendant was presumptively negligent under subdivision 4 of section 287 of the Highway Law when, with its loaded truck weighing eleven tons, it approached the highway intersection at the rate of twenty-five miles per hour.

The plaintiff was not guilty of contributory negligence, as a matter of law, since it appears that as he approached the highway intersection he slowed down to ten miles per hour and sounded his horn and that he looked for automobiles approaching on the intersecting highway. He was not bound to stop if he heard no warning horn.

Since the circumstances were not such as to make the rights equally balanced, the defendant did not have the right of way.

H. T. KELLOGG, J., dissents.

APPEAL by the defendant, Joseph Bleau, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 15th day of March, 1924, upon the verdict of a jury for $800 property damages and $50 personal damages.

Two actions were commenced by the plaintiff against the defendant, one for damages to the plaintiff's automobile and one for personal injuries to the plaintiff arising out of a collision on August 29, 1923, between the plaintiff's automobile and the defendant's truck. The two actions were consolidated and tried together.

*Edward J. Halter*, for the respondent.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the appellant.

HINMAN, J.:

At a hamlet called Bloomingrove in Rensselaer county the defendant's truck collided with the plaintiff's touring car and caused damage which the jury has assessed at $800 for injury to the plaintiff's car and $50 for slight personal injuries suffered by plaintiff. The question raised on the appeal is whether the plaintiff was guilty of contributory negligence as a matter of law. The accident happened at a place where two improved State highways crossed each other at substantially right angles. The plaintiff was traveling west. To his left as he approached this road intersection, the road upon which he was driving was joined by another road which, however, joined it a few feet east of the intersection, and together these two roads converged into a common approach to

this intersection from the east. The defendant's truck approached from plaintiff's right and was being driven south on the Troy-New York road. Under balanced conditions the defendant would have had the right of way. It seems, however, that the view of each was obstructed and each was unaware of the other's approach until the collision was inevitable. Much, therefore, depends upon the care with which each made his approach. There was a sharp conflict of testimony as to respective rates of speed and as to the blowing of horns and as to which car was first at the intersection. The jury has resolved all these doubts in favor of the plaintiff. Giving the plaintiff the most favorable view of the testimony as we must do on a motion for nonsuit, we find that the defendant's truck was a five-ton truck loaded with six tons of brick; that it was going twenty-five miles an hour, which was presumptively negligent under subdivision 4 of section 287 of the Highway Law;* that the defendant did not check his speed as he approached the intersection although it was posted conspicuously as a dangerous crossing on each road and his view was obstructed; that he did not blow his horn; that he struck the plaintiff's car about opposite the front seat of the latter car and shoved it a distance of fifty feet before both cars came to a standstill with both cars headed south on a lawn alongside the west side of the road on which the defendant was traveling. The distance traveled after the impact evidenced excessive speed on the part of the defendant. No doubt the defendant was traveling at an excessive rate of speed and did not slow down and the jury could find that he gave no warning signal. The evidence was sufficient to permit a finding that the defendant was clearly negligent. The plaintiff's duty must be measured by his own care and his opportunity to see or to receive a notice of the defendant's approach. The plaintiff says he reduced his speed from twenty to ten miles an hour before he got to the crossing and that he blew his horn. He is corroborated by a disinterested witness. The two roads were sixteen feet wide. Each driver was apparently on his right side of the road. At the very corner, the northeast corner of these two roads, there was a building which obstructed the view of each. This building was not less than two nor more than five feet from the edge of each road and close to the building but outside of both roadways was a gasoline filling station which stood right in the corner. Also, at the time of the accident there was an automobile standing at the filling station and headed toward Troy, the direction from which the defendant was coming. The distance from the edge of

---

* Added by Laws of 1910, chap. 374, as amd. by Laws of 1922, chap. 534. — [REP.

the building to the center line of the north and south road, the defendant's road, was about fifteen feet. There was, therefore, only a space of fifteen feet for the plaintiff to travel from the point where he cleared the building to the point where he was struck. He says he drove straight across and he was struck when his " front end, the radiator and the front wheels " were more than half way over the Troy road. If he was going ten miles an hour, as he says, he was going fifteen feet a second. He had only one second then to see this truck from the time he was at the edge of the building till he was struck and his view was further obstructed by the gas station and the automobile standing at the station. We cannot say just how much his view was obstructed by them. We cannot say as matter of law that he ought to have seen the truck before he got past the obstructing automobile. That left only an open space of not to exceed ten feet to the place of collision and he was traveling fifteen feet a second. The defendant was traveling twenty-five miles an hour or thirty-seven feet a second. If it took the plaintiff one second to get from the edge of the building to the place of the accident, the defendant must have been thirty-seven feet from the place of the accident when the plaintiff was at the edge of the building. The standing automobile may have obstructed plaintiff's view of the truck. The plaintiff says he looked to the right as he neared the intersection, looked to his left, slowed down, blew his horn; that he heard nothing and saw nothing. He was the first one to the corner. He was not bound to stop if he heard no warning horn nor was he bound to keep looking in one direction. He exercised care in slowing down, looking and blowing his horn. Should he have seen the truck in time to have averted the accident, when we consider that he had only a fraction of a second in which to see and act and when the emergency was due to excessive speed and failure to giving warning of approach by the defendant, as the jury could have found?

The defendant did not have the right of way unless the conditions were such that the defendant's car was discoverable. If plaintiff could not see defendant and defendant did not blow his horn, which would have given notice, plaintiff was not negligent in failing to grant the right of way. The circumstances were not such as made the rights equally balanced and the right of way rule is a rule of doubt under balanced conditions. It cannot be said as matter of law that if plaintiff had looked when he could have seen he was able to stop before the collision. Here were five roads converging at this point and he could not look all ways at the same time. It was a question for the jury whether, if

plaintiff had looked when he was able to see, he could have avoided the accident. The precise point at which he should have looked was for the jury.

The judgment should be affirmed, with costs.

All concur, except H. T. KELLOGG, J., dissenting.

Judgment affirmed, with costs.