VICTORIANO EFRET, Plaintiff and Appellant, *v.* RAFAEL QUIÑONES, Defendant and Appellee.

No. 4782.   Argued June 28, 1929.—Decided November 21, 1929.

*J. Alemañy Sosa,* for appellant.   *Oscar Souffront,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

On August 27, 1927, plaintiff Victoriano Efret, his wife Ramona Vázquez, his daughter Andrea and two other children of the couple, were traveling in a Chevrolet automobile from San Germán to Mayagüez.   At kilometer 181.1 the car collided with a public motor bus or jitney, license No. P–986, which belonged to Rafael Quiñones and traveled in the opposite direction to that of the Chevrolet car.   In consequence of the collision Victoriano Efret, his wife and his daughter Andrea suffered several bruises and wounds, and thereafter an action was brought in the District Court of Mayagüez to recover damages for the injuries sustained by Victoriano Efret and his wife.   The defendant answered and the court, after a trial, rendered judgment on July 10, 1928, dismissing

the complaint and mulcting plaintiff in costs and attorney's fees.

In support of the appeal from that judgment plaintiff-appellant assigns seven errors which will be considered together. They are as follows:

"1. The lower court erred in holding that the jitney which belonged to defendant and which collided with the car in which plaintiff was traveling, was going at the time of the accident at a moderate speed and keeping to the right-hand side of the road.

"2. The lower court erred in holding that the Chevrolet car driven by plaintiff was traveling, while rounding the curve near the place where the accident occurred, at more than 40 miles an hour, or that by reason thereof the said car got out of control, swerved to the left-hand side of the road and collided with the jitney of defendant, and then swerved back to the right-hand side and collided with a tree.

"3. The lower court erred in holding that the speed of more than 40 miles an hour, at which in its opinion the Chevrolet car was going, had been shown by the testimony of the expert Luis Vázquez and from the condition in which the car was left.

"4. The lower court erred in holding that the accident was due exclusively to the negligence of the chauffeur who was driving the Chevrolet car in which plaintiff traveled.

"5. The lower court committed manifest error in resolving the conflict in the evidence as to the manner in which the accident occurred in favor of the defendant and against the plaintiff.

"6. The lower court erred in rendering judgment for the defendant.

"7. The lower court erred in mulcting plaintiff in costs and attorney's fees."

The evidence introduced at the trial was conflicting. The testimony of plaintiff's witnesses tended to show that the jitney or motor bus was traveling at a high rate of speed, racing another car, and rounded the curve on the wrong side of the road, and that the Chevrolet car was being slowly and carefully driven. The witnesses for the defendant tended to establish through their testimony that the Chevrolet car was traveling very fast—about forty miles an hour—on the wrong

side of the highway when taking the curve and that it was carelessly driven. An important fact established by the evidence was that one of the front wheels of the Chevrolet car struck the left rear wheel of the motor bus, which had its mudguard torn off; another was that the Chevrolet car went on a few more meters and collided with a tree, in which it embedded itself so that a yoke of oxen could not pull it off and a lever had to be used.

Let us consider now how the trial court weighed the evidence in the case. In its statement of the case and opinion that court says:

"From the evidence heard the court holds as proved the following facts:

"That on or about August 28, 1927, at about 4 p.m. on the said day, which was a Sunday, a jitney belonging to defendant Rafael Quiñones, license plate No. P–986, 'Day Elder' make, used in the transportation of passengers between Mayagüez and the rural ward of Sábalos on the road from Mayagüez to San Germán, was being driven by Cándido Vincenty as chauffeur, at a moderate speed and keeping to the right of the road in the direction Mayagüez–San Germán, and on reaching kilometer 189 and when starting to round the curve existing there on the outside part thereof, which was precisely the right-hand side of the road, it suddenly met a Chevrolet car driven by Eduardo Gallardo, a chauffeur, and carrying the plaintiff and five relatives of his, which car was traveling in the opposite direction, that is, from San Germán to Mayagüez, and should have taken the curve on the inside thereof, which was the right side in that direction; but the car was being driven at such an excessive speed—not less than forty miles an hour—that on taking the curve it swerved to the left of the road, its driver lost control of the steering wheel, it collided with the rear left wheel of defendant's motor bus, tearing off a tire, and by reason of its speed it swerved again to the right-hand side of the road and smashed against a tree by the side lying more than twenty meters from the place of the collision.

"The impact of the Chevrolet car, in which plaintiff was traveling, against the tree was of such violence that the car became embedded and enmeshed in the tree, its front part was completely smashed, its bumper broken, and its axle and chassis bent.

"As a result of the collision of the Chevrolet car with the said tree plaintiff and his wife Ramona Vázquez received bodily injuries, to compensate which, and for doctor's and druggists bills and other disbursements alleged in the complaint, plaintiff claims $3,200 in two causes of action, one for damages suffered by him, and the other for those suffered by his wife Ramona Vázquez.

"From the violence of the crash of the Chevrolet car against the tree and from the testimony of the mechanical expert Luis Vázquez, who testified that he had been engaged by the owner of the Chevrolet car to remove the same from the place where it had remained after the accident, and that judging from the condition of the car after the collision with the tree it must necessarily have been driven at more than forty miles an hour, the court reaches the conclusion that the Chevrolet car driven by the chauffeur Eduardo Gallardo, in which plaintiff and his relatives were traveling, did at the time of the accident actually move at more than forty miles an hour and that it was handled in a careless and negligent manner, and that the collision between the motor bus and the said car was due solely and exclusively to the negligence of the chauffeur who was driving the Chevrolet automobile in which plaintiff was traveling."

We have examined the stenographic record and will state without hesitation that the conclusion reached by the trial judge was logical and correct. The Chevrolet car was traveling at high speed. Had it been otherwise, the car could not have been embedded in the tree the way it was. The testimony of the expert Luis Vázquez settled the mind of the judge, who rendered the right decision.

A consideration of the evidence moves us to say that the conclusion reached by the judge was imperative and free from error. From that conclusion arise the logical and inevitable findings made—as to the negligence of the chauffeur who drove the Chevrolet car in which plaintiffs were traveling and that such negligence was the sole cause of the accident— and the decision dismissing the action. None of these were erroneous.

Were it necessary to sustain the admissibility and importance of the circumstantial evidence, it would suffice for us to transcribe the following summary of the authorities

incorporated by the trial judge in his statement of the case and opinion:

"RATE OF SPEED, ETC.—CIRCUMSTANTIAL EVIDENCE.—Direct testimony is not essential to warrant a finding of excessive speed. Evidence as to the force of the impact of a collision, or as to the distance which an automobile causing an injury overshot the point of the accident before being brought to a standstill, is of significance, and may be by itself or in connection with other circumstances of sufficient force to warrant a jury in finding negligence as to speed. Healy v. Braested, 120 Atl. 12, 98 N.J.L. 520; Duffy v. Hickey, 91 So. 733, 151 La. 274; Merrifield v. C. Roffberger Co., 127 A. 500, 147 Me. 134.

"That defendant's truck, approaching from plaintiff's right on an intersecting road, and striking plaintiff's touring car about opposite the front seat of the latter's car shoved it a distance of 50 feet before both cars came to a stop, was evidence of a negligent rate of speed on the part of the defendant. Salm v. Bleau, 206 NYS 415, 210 App. Div. 554.

"So evidence that a Ford truck colliding with a touring car at an intersection was driven by the force of the impact through an iron signpost over the curb, somewhat destroying it, and into a corner building so as to seriously damage it, is some evidence that it was going at an excessive speed. Glickman v. Grane Co., 216 Ill. A. 109. Cyclopedia of Automobile Law by Balshfield, Vol. 2, p. 1733 et seq.; McAndrews v. Leonard, 99 Vt. 512, cited in Vol. 4."

In its statement of the case and opinion the court reconciles that evidence with the testimony of the witnesses and draws the right inference in the premises, that is, the inference to be drawn by the use of sound logic from the established facts.

The imposition of costs was fair. The judge has wisely exercised his discretion and, once he denied all credence to the allegations and the evidence of plaintiff, he was entitled to reach the conclusion that sufficient obstinacy existed to warrant the imposition of costs.

We find no merit in the assignments of error made by the appellant.

The judgment appealed from must be affirmed.