Victoriano Efret, demandante y apelante, *v.* Rafael Quiñones, demandado y apelado.

No. 4782.—*Sometido:* Junio 28, 1929. *Resuelto:* Nov. 21, 1929.

*J. Alemañy Sosa*, abogado del apelante; *Oscar Souffront*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El 27 de agosto de 1927, el demandante Victoriano Efret, su esposa Ramona Vázquez, su hija Andrea, y otros dos hijos más del matrimonio, venían en un automóvil Chevrolet de San Germán para Mayagüez; en el sitio del hectómetro 1 del kilómetro 189 de la carretera, tuvo el automóvil en que venían, un choque con un ómnibus o guagua de servicio público No. P-986, propiedad de Rafael Quiñones, y cuyo vehículo venía en dirección opuesta a la que seguía el citado automóvil Chevrolet. En la colisión sufrieron varios golpes y heridas Victoriano Efret, su esposa y su hija Andrea. Y la indemnización por las consecuencias de las heridas sufridas por Victoriano Efret y su esposa, es el motivo de la demanda que se presentó en la Corte de Distrito de Mayagüez; y del juicio seguido sobre esa demanda y su contestación, en el que la corte dictó sentencia en 10 de julio de 1928, declarando sin lugar la demanda, y condenando al demandante en costas y honorarios de abogado.

Para sostener la apelación contra esa sentencia, señala el demandante-apelante siete errores, acerca de los que puede decidirse en conjunto. Son los siguientes:

"1. La corte inferior erró al declarar que la guagua, propiedad del demandado que chocó con el carro que conducía al demandante, iba en el momento del accidente a una velocidad moderada y por su lado derecho de la carretera.

"2. La corte inferior erró al resolver que el automóvil Chevrolet que conducía al demandante, al tomar la curva que hay contigua al sitio donde ocurrió el accidente, venía a una velocidad de más de 40 millas por hora, o que por esta causa dicho automóvil se encontrara sin gobierno en el guía y lo hiciera desviar hacia el lado izquierdo de la carretera y chocar con la guagua del demandado y después des-

viarse hacia el lado derecho de dicha carretera y chocar con un árbol de bucare.

"3. La corte inferior cometió error al declarar que la velocidad de más de 40 millas por hora que juzga que iba el carro Chevrolet la declara probada por la declaración del perito, Luis Vázquez, y por el estado en que quedó el carro.

"4. La corte inferior cometió error al declarar que la causa única del accidente se debió exclusivamente a la negligencia del chauffeur que manejaba el automóvil Chevrolet ocupado por el demandante.

"5. La corte inferior cometió manifiesto error al resolver el conflicto de la evidencia en cuanto a la forma cómo ocurrió el accidente a favor de la parte demandada y en contra de la parte demandante.

"6. La corte inferior erró al declarar sin lugar la demanda.

"7. La corte inferior erró al condenar al demandante al pago de las costas y honorarios de abogado."

En la vista del caso, la prueba fué contradictoria. Los testigos del demandante tendieron a establecer que la guagua u ómnibus venía a gran velocidad, regateando con otro automóvil, tomando la curva mal, y ocupando en la carretera el lado contrario al que debió ocupar; y que el automóvil Chevrolet venía despacio y cuidadosamente dirigido. Los del demandado tendieron a establecer que el automóvil Chevrolet venía a mucha velocidad, alrededor de cuarenta millas por hora, fuera de su sitio al tomar la curva, y descuidadamente dirigido. Como dato de importancia se fijó el de que el choque fué de la rueda delantera del Chevrolet con la rueda trasera izquierda de la guagua, que perdió el tapabocina. Y asimismo que el carro Chevrolet corrió unos metros más, y chocó con un árbol, quedando empotrado o incrustado parcialmente en aquel árbol, y que para sacarlo de esa posición no bastó la fuerza de los bueyes, y hubo que usar palanca.

Y ahora veamos cómo encontró la corte sentenciadora los hechos del caso. Dice el juez, en su relación del caso y opinión:

"De la evidencia practicada, la corte da por probados los siguientes hechos:

"Que allá por el día 28 de agosto del año 1927 como a las cuatro de la tarde de dicho día que era un domingo, la guagua propiedad del demandado Rafael Quiñones, licencia P-986, marca 'Day Elder', utilizada para conducir pasajeros desde la ciudad de Mayagüez al barrio de Sábalos por la carretera que de Mayagüez conduce a San Germán, iba manejada por el chauffeur Cándido Vincenty, a una velocidad moderada y por su lado derecho de la carretera en dirección de Mayagüez a San Germán y al llegar al kilómetro 189 y al empezar a tomar una curva que existe en dicho sitio por el lado abierto de la misma que era precisamente su lado derecho de la carretera, se encontró de súbito con el automóvil Chevrolet guiado por el chauffeur Eduardo Gallardo que conducía al demandante y cinco familiares más, el cual automóvil venía en dirección contraria, o sea, de San Germán a Mayagüez, teniendo que tomar dicha curva por el lado cerrado de la misma, por ser su lado derecho; pero era conducido a una velocidad tan excesiva (no menor de cuarenta millas por hora), que al tomar ésta se desvió hacia el lado izquierdo de la carretera, no pudiendo el chauffeur que manejaba dicho automóvil gobernar el guía del mismo, por lo que vino a chocar contra la rueda izquierda trasera de la guagua del demandado, destrozando la goma de la misma y con motivo de la velocidad que llevaba se desvió de nuevo hacia el lado derecho de la carretera yendo a estrellarse contra un árbol de bucare que se encuentra a la orilla de la misma y a más de veinte metros del sitio donde dicho automóvil Chevrolet chocó con la guagua del demandado.

"El choque del automóvil Chevrolet ocupado por el demandante contra el árbol de bucare fué tan violento que dicho automóvil quedó incrustado y abrazado a dicho árbol, destrozándose totalmente su parte delantera, habiéndose roto el *bumper* y doblándose el eje y el *chassis*.

"Como consecuencia del choque del automóvil Chevrolet contra el árbol de bucare aludido, resultaron lesionados el demandante y su esposa doña Ramona Vázquez, y por dichas lesiones sufridas por el demandante y su dicha esposa y por gastos de médico y medicinas y otros daños alegados en la demanda, reclama el demandante en ésta y mediante dos causas de acción, una por los daños sufridos por él y otra por los daños sufridos por su esposa doña Ramona Vázquez, la suma de tres mil doscientos dólares ($3,200.00).

"De la violencia del choque del automóvil Chevrolet contra el árbol, y por la declaración del perito mecánico don Luis Vázquez,

quien declaró que por orden del dueño del carro había ido a sacar el automóvil Chevrolet del sitio donde estaba·después del accidente y que a juzgar por el estado en que quedó dicho automóvil Chevrolet como resultado del choque con dicho árbol, dicho automóvil tuvo necesariamente que haber sido conducido a una velocidad mayor de cuarenta millas por hora, la corte ha llegado a la conclusión de que efectivamente el automóvil Chevrolet manejado por el chauffeur Eduardo Gallardo y ocupado por la demandante y sus familiares, era conducido en el momento del accidente a una velocidad mayor de cuarenta millas por hora, descuidada y negligentemente, y que el choque entre la guagua y dicho automóvil Chevrolet fué debido única y exclusivamente a la negligencia del chauffeur que manejaba el automóvil Chevrolet tripulado por el demandante.''

Hemos examinado el récord taquigráfico y no vacilamos en decir que la convicción a que llegó el juez sentenciador es la correcta y lógica. El automóvil Chevrolet venía a una alta velocidad; sin esa circunstancia, no podría ocurrir que el automóvil se empotrara en el árbol en la forma en que lo hizo. La declaración del perito Don Luis Vázquez, fijó las ideas del juzgador; y éste estuvo en lo más cierto al determinar.

El estudio de la prueba nos lleva a declarar que se imponía la conclusión a que el juez llegó, sin incurrir en error alguno. Y de esa conclusión nacen las lógicas e indeclinables sostenidas en cuanto a la negligencia del chauffeur que guiaba el automóvil Chevrolet en que venían los demandantes, y a que ella fué la causa única del accidente; y la de declarar sin lugar la demanda; en ninguna de ellas incurrió en error la corte.

Si fuera necesario considerar la procedencia e importancia de la prueba circunstancial, expresamente tendríamos que reproducir las citas hechas por el juez sentenciador en la relación del caso y opinión.

''VELOCIDAD, etc. PRUEBA CIRCUNSTANCIAL.—No es esencial prueba directa para justificar la conclusión de que se corría a velocidad excesiva. Prueba relativa a la fuerza del impacto de una colisión, o sobre la distancia que cubrió un automóvil antes de parar, después de haber tenido un accidente, es significativa, y puede por

sí sola, o en relación con otras circunstancias, tener suficiente peso para justificar a un jurado a llegar a la conclusión de que hubo negligencia en cuanto a la velocidad del vehículo. Healey v. Braested, 120 Atl. 12, 98 N.J. Lar 520. Duffy v. Hickey, 91, So. 733, 151 La. 274, Merrifield v. C. Roffberger Co., 127 A. 500, 147 Ma. 134.

"El autocamión del demandado, al acercarse por la derecha del demandante, al cruce de dos caminos, chocó con el automóvil del demandante, cerca del asiento delantero del automóvil de éste, y lo arrastró una distancia de cincuenta pies antes de que ambos vehículos pudieran parar. Se resolvió que esto constituía prueba de negligencia de parte del demandado en cuanto a la velocidad del vehículo. Salm v. Bleau, 206 N.Y.S. 415, 210 App. Div. 554. Salm v. Bleau, 206 N.Y.S. 415, 210 App. Div. 354.

"Prueba de que un autocamión Ford que chocó con un automóvil de turismo en la intersección de dos carreteras fué lanzado por la fuerza del impacto contra un poste de hierro que había en la cuneta, destrozándolo parcialmente, y contra un edificio que estaba en una de las esquinas, ocasionándole a éste daños considerables, es alguna prueba de que se corría a velocidad excesiva. Glickman v. Grane Co., 216 Ill. App. 109. Cyclopedia of Automobile Law of Blashfield, Vol. 2, p. 1733 et seq., McAndrews v. Leonard, 99 Vt. p. 512, citado en el vol. 4."

La corte, en la relación del caso y opinión, pone en armonía esa prueba con la testifical, y extrae la verdadera inferencia en el caso, o sea la deducción que con arreglo a una sana lógica ha de hacer, partiendo de los hechos probados, el juez o tribunal.

La condena de costas es justa. El juez ha usado sabiamente de su discreción; y una vez que ha negado todo crédito a las alegaciones y la prueba del demandante, ha podido llegar a la conclusión de la suficiente temeridad para imposición de costas.

No encontramos justificados los señalamientos de error que hace la parte apelante.

*Debe confirmarse la sentencia apelada.*