José Enrique Valedón, demandante y apelado, *v.* Ernesto Fernández y Royal Indemnity Company, demandados y apelantes.

Número 11559.

*Sometido:* 2 de mayo de 1955. *Resuelto:* 6 de mayo de 1955.

*José A. Amadeo* y *Santos P. Amadeo,* abogados del apelante; *F. Fernández Cuyar,* abogado del apelado.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

En la tarde del 22 de enero de 1954, José Enrique Valedón sufrió graves lesiones dentro de su hogar en la calle Isérn de Santurce, cuando la guagua comercial licencia C115–108, propiedad de Ernesto Fernández y conducida por su empleado Ovidio Acevedo Villanueva, penetró violentamente en la residencia de aquél.

José Enrique Valedón demandó al dueño del vehículo y a la compañía aseguradora del mismo, reclamándoles daños y perjuicios. Contestaron los demandados negando la negligencia del chófer del citado vehículo. En una conferencia con antelación al juicio la compañía aseguradora, Royal Indemnity Company consintió en que se dictara sentencia en su contra por el límite de su responsabilidad que era de $5,000 pero sin costas ni honorarios de abogado. Quedó pendiente la resolución en cuanto a la procedencia de una sentencia contra la Royal Indemnity Company en las condiciones antes expresadas y el caso fué señalado para vista. El día del juicio, la compañía aseguradora ratificó su posición.([1]) La corte recibió la prueba del demandante y la del demandado

---

([1]) Despues de terminarse la celebración del juicio que duró más de un día, la compañía aseguradora depositó en corte los $5,000.

Fernández y posteriormente dictó sentencia condenando a los demandados a pagar al demandante la suma de Quince Mil Dólares ($15,000), limitando la responsabilidad de la Royal Indemnity Company a $5,000 más las costas y $1,500 para honorarios de abogado.

Ambos demandados apelaron. El demandante-apelado solicita que desestimemos el recurso interpuesto por el demandado-apelante Ernesto Fernández por ser frívolo.

En su alegato este apelante señala como único error el siguiente:

"La corte sentenciadora actuó con pasión y prejuicio al rechazar la teoría del demandado en cuanto a la causa del accidente que produjo daños al demandante, así como al apreciar la prueba del demandado y fallar en favor del demandante."

La corte sentenciadora formuló, entre otras, las siguientes conclusiones de hecho:

"1.—El día 22 de enero de 1954, entre cuatro y cinco de la tarde, el demandante se encontraba recostado en su cama dentro de su hogar en la Calle Isérn núm. 1859.

"2.—En esa fecha y a esa hora la guagua comercial licencia C115–108, propiedad del demandado Ernesto Fernández y conducida entonces por Ovidio Acevedo Villanueva, un empleado de Fernández actuando en el curso de su empleo, se desvió de la calle por donde transitaba frente a la casa del demandante, se montó sobre la acera frente a dicha casa, cuya acera tiene unos cuatro pies de ancho y una elevación de seis pulgadas sobre la calle, destruyó la verja de concreto y de hierro de la casa del demandante, siguió caminando dentro del patio de dicha casa, que tiene unos veinte pies en su frente a la calle, chocó contra la pared exterior de dicha casa, rompiendo maderas y vigas de dicha pared y quedó allí detenida.

"3.—El violento impacto entre el cuerpo de la guagua y la pared de la casa del demandante, a la cual estaba pegada la cama donde el demandante estaba recostado, ocasionó un fuerte golpe en el cuello o base del cráneo del demandante, quien fué lanzado desde su cama hasta su ropero que estaba situado al otro lado del cuarto.

"4.—          .          .          .          .          .          .          .

"5.—La causa próxima del accidente antes descrito la constituyó la velocidad excesiva a que era conducida la guagua comercial del demandado Fernández al tomar la curva de la calle Pomarrosa y la Calle Isérn."

Sobre los hechos considerados probados por la corte a quo en sus conclusiones 1, 2 y 3, no hubo controversia. Dichos hechos quedaron establecidos tanto por la prueba del demandante como por la de los demandados. La controversia giró principalmente alrededor de la velocidad del vehículo envuelto en el accidente y la causa de su desviación hacia la residencia del demandante. La prueba del demandado Fernández, no creída por la corte sentenciadora, tendió a demostrar que en la tarde de los hechos, el chófer Acevedo conducía la guagua de Fernández por la calle Pomarrosa de Santurce y doblando por una esquina entró en la calle Isérn, a una velocidad de 15 a 20 millas por hora; ya en la calle Isérn venía en dirección contraria a la suya un automóvil con el cual se cruzó frente a la casa de Valedón; súbitamente detrás de ese otro automóvil salió corriendo una niña para cruzar la calle y entonces Acevedo aplicó los frenos y desvió hacia su derecha para no arrollar a esa niña; la guagua patinó porque la carretera estaba mojada y siguió el curso descrito por la corte a quo en sus conclusiones.

Dicha corte estuvo justificada en desechar la teoría del apelante. Todas las circunstancias indican que la causa del accidente fué la velocidad a que marchaba su vehículo. A pesar de que su conductor aplicó los frenos, según su propio testimonio, el vehículo subió a una acera que está a seis pulgadas sobre el nivel de la calle, continuó su marcha y destrozó una verja de concreto y varillas de hierro, sin detenerse, recorriendo luego una distancia de veinte pies hasta que finalmente chocó contra una de las paredes de la casa del apelado, rompiéndole varias tablas y una viga. A consecuencia de este último impacto, el apelado fué lanzado violentamente de su cama a una distancia de cuatro o cinco pies.

En ocasiones anteriores este Tribunal ha dicho que prueba relativa a la fuerza del impacto de una colisión puede, por sí, o en relación con otras circunstancias, tener suficiente peso para justificar la conclusión de que hubo negligencia en cuanto a la velocidad del vehículo. *Efret* v. *Quiñones*, 40 D.P.R. 192. En este caso carece de mérito el error que el apelante le atribuye a la corte sentenciadora al no dar crédito a su prueba al efecto de que la guagua corría a una velocidad de 15 a 20 millas por hora. *Pueblo* v. *Rivera*, 69 D.P.R. 538.

██ La imputación que hace el apelante a la corte sentenciadora de haber actuado movida por pasión y prejuicio, carece de base. En su alegato no señala incidente alguno, ni nosotros lo hemos podido encontrar en el récord, que demuestre una actitud apasionada y prejuiciada en su contra de parte de dicho tribunal. Su contención es, por tanto, frívola.

*Por las razones expuestas se desestima por frívolo el recurso de apelación interpuesto por el demandado Ernesto Fernández y se condena a éste al pago de las costas en apelación y $300 para honorarios de abogado.*