# 95 DTA 162

## TRIBUNAL DE CIRCUITO DE APELACIONES DE PUERTO RICO
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
## PANEL I

EL PUEBLO DE PUERTO RICO

v.

LUIS ALBERTO BONILLA ALVARADO
Acusado

Núm. KLAN-95-00349

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Amadeo Murga, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El día 12 de julio de 1993 a eso de las 8:15 de la noche mientras el Sr. Bruce Coleman cruzaba en su vehículo la intersección de la Carretera 180 con la número 1 en Salinas, P.R. la cual tiene instalado un semáforo de tránsito, fue impactado por el vehículo conducido por el acusado-apelante Luis Alberto Bonilla Alvarado que la cruzaba desde otra dirección. Como consecuencia del impacto recibido por la parte derecha del vehículo, éste se volcó quedando sus cuatro gomas hacia arriba y el Sr. Coleman pillado dentro de su vehículo, una guagua Mazda la que resultó en pérdida total. El Sr. Coleman sufrió severas lesiones.

Por estos hechos el apelante fue acusado de violar la Sección 5-201 de la Ley de Tránsito.

La denuncia le imputó cruzar la intersección a velocidad excesiva y en contra de la señal roja indicada en el semáforo. Visto el juicio fue encontrado culpable y condenado a una pena de seis meses de cárcel y $500.00 de multa.

En apelación señala que su culpabilidad no fue probada más allá de una duda razonable e imputa al Tribunal de Instancia haber apreciado erróneamente la prueba. Específicamente se basa en que no se probó que condujera a mayor velocidad ni que más allá de una duda razonable se probara que cruzó la intersección con la luz roja en su contra.

En cuanto al fundamento de que no hubo prueba de velocidad excesiva, es meramente necesario señalar que la fuerza del impacto demostrada por el hecho que logró volcar la guagua Mazda y ponerla *"patas para arriba"* (expresión contenida en la Exposición Narrativa de la prueba) resultando ésta en una pérdida total, es prueba suficiente de la velocidad excesiva y desmiente la versión del acusado de que como todo un conductor modelo, cruzó la intersección a sólo 30 millas. *Valedón v. Fernández,* 78 D.P.R. 257, 261 (1955).

Su argumento de que no se probó más allá de duda razonable que cruzara la intersección con la luz roja en su contra, lo basa en que uno de los testigos de cargo declaró que vio al apelante cruzar con la luz roja a base de la observación que hizo de la señal roja en el lado opuesto al que venía el acusado, deduciendo de ahí que del otro lado también estaba roja. El apelante, quien solicitó y obtuvo una inspección ocular del área y del funcionamiento del semáforo, arguye que de la inspección ocular surge que no necesariamente siempre es así y que pueden pasar varios segundos entre el que el semáforo por una cara esté rojo y por la otra cara también cambie a rojo. Tal hecho, sostiene, debe acarrear que se descarte el testimonio del testigo que así lo declaró y que se cree la duda razonable de su culpabilidad.

Su esfuerzo se queda corto a la luz de la totalidad de la prueba presentada. Aún descontando el testimonio de dicho testigo el tribunal tuvo ante sí, tanto el testimonio del conductor perjudicado quien testificó que cruzó la intersección con la luz verde, como el de la madre de éste que instantes antes también la había cruzado con la luz verde. (Madre e hijo venían en vehículos separados pero el hijo siguiendo de cerca a la madre). El Tribunal al declarar culpable al apelante lo hizo a base de la credibilidad que le dio a los testigos *"especialmente a la testigo del Pueblo Judith Vázquez de Coleman, quien indicó que para su paso la luz estaba verde por lo que se pudo comprobar que si estaba verde para ella estaba roja para los carros que venían del Barrio Coco de Salinas por la Puerto Rico Número 1 y por el demeanor demostrado por los testigos."*

El testimonio de la testigo creído por el tribunal no resulta increíble. No se ha demostrado error manifiesto en la apreciación de la prueba. Tampoco se le imputa al Juez de Instancia ni se ha demostrado pasión, prejuicio o parcialidad de su parte. En ausencia de tales circunstancias no intervendremos con la evaluación de la credibilidad que hiciera el juzgador. *Pueblo v. Echevarría,* **91 J.T.S. 64**; *Pueblo v. Fradera Olmo,* 122 D.P.R. 67, 79 (1988).

No tenemos que ir más lejos. La prueba presentada sostiene que el apelante, a mayor velocidad, cruzó un semáforo con la luz roja en su contra causando un severo accidente.

Esto constituye la negligencia o imprudencia temeraria que sanciona la Sección 5-201 de la Ley de Tránsito ▇ *Rodríguez Rolón v. Tribunal Superior,* 91 D.P.R. 840, 848 (1965).

Su apelación no puede prosperar. Se confirma la sentencia.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

ESCOLIO 95 DTA 162

1. 9 L.P.R.A. Sec. 871.