MARY E. DALTON, Administratrix of the Estate of JAMES DALTON, Deceased, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

**Evidence:** INJURY BY TRAIN. In an action against a railway company to recover damages for the death of the plaintiff's intestate, evidence as to the value of a farm of which the deceased was a co-tenant, offered as bearing upon the question of damages, is immaterial.

**SAME:** *Jury question.* It is a question of fact for the jury whether the circumstances attending the death of one killed at a railway crossing are such as to overcome the presumption that the deceased, prompted by the instinct of self-preservation, exercised the care required of him, when no one witnessed the accident nor the manner in which the deceased approached and went upon the track.

*Appeal from Louisa District Court.*—HON. D. RYAN, Judge.

THURSDAY, DECEMBER 16, 1897.

ACTION to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of defendant. At the close of the evidence on behalf of the plaintiff, the court, on motion of the defendant,

directed a verdict for the defendant, and rendered judgment thereon.  Plaintiff appeals.—*Reversed.*

*Earle & Prouty* for appellant.

*J. Carskaddan* and *L. A. Reiley* for appellee.

GIVEN, J.—I.  The accident which resulted in the death of James E. Dalton occurred about 3:50 o'clock A. M., December 26, 1894, at the crossing of Linn street and the defendant's track in the incorporated town of Lettsville.  The night was dark and cold, and the roads rough.  Deceased, seated alone in a somewhat worn, sidebar, covered buggy, drawn by two horses, when passing north over said crossing was struck by defendant's fast passenger train going east, and he and the horses were killed.  The negligence charged against the defendant is that the train was run at a high and unlawful rate of speed, and without the required signals being given.  The grounds of defendant's motion for a verdict were that the evidence failed to show that the deceased was free from contributory negligence, and did show affirmatively that he was guilty of negligence contributing to the accident that resulted in his death.  Appellant contends that the court erred in sustaining said motion, and, in considering this complaint, we may treat the charges of negligence made against the defendant as established.  No one witnessed the accident, nor the manner in which the deceased approached and went upon the crossing.  Therefore the question as to whether or not he exercised care must be determined from the known circumstances as shown by the evidence.  In view of the conclusion we reach, we will not set out or discuss these circumstances.  It cannot be questioned that, in going upon that crossing when he did, the exercise of ordinary care required that the deceased should have

stopped and looked and listened, to know if a train was approaching. It is a recognized rule of human conduct that persons in their sober senses naturally and instinctively seek to avoid danger. Therefore it must be presumed, until the contrary appears, that the deceased, prompted by this natural instinct, did exercise care in approaching and going upon that crossing. It is urged by the appellee that, because of deceased's opportunities to see and hear the approach of the train, if he had stopped and looked or listened, it is evident that he did not do so. It is urged by appellant that because of the absence of required signals, and the unlawful speed of the train, deceased would not have known of its approach by stopping and listening, nor by looking, at the points from which the train could be seen by him. Whether the circumstances are such as to overcome the presumption that deceased, prompted by the instinct of self-preservation, did exercise the care required of him, was a question for the jury. Therefore we think the court erred in sustaining defendant's motion for a verdict. This view finds support in *Hopkinson v. Knapp & Spaulding Co.*, 92 Iowa, 328, and cases therein cited.

II.   Plaintiff offered evidence as to the value of a farm of which her intestate was a co-tenant, as bearing upon the question of damages, which was excluded on defendant's objection. We do not see wherein the value of the farm was material, and we think there was no error in the ruling. For the reason given in the first paragraph of this opinion, the judgment of the district court is REVERSED.