## SWIFT & COMPANY V. FRANK HOLOUBEK.

### FILED JUNE 5, 1901. No. 11,178.

#### Commissioner's opinion, Department No. 1.

1. **Instruction, Burden of Proof.** Judgment for an employee will not be reversed at suit of employer for the giving of an instruction that the burden of proof is on employee to show both defect in machine with negligence in providing it and also negligence in permitting floor, on which he stood to operate it, to be wet and slippery, when accompanied also by instruction to find for employer if the machine was not defective, although there was no evidence that the admittedly wet and slippery condition of the floor was due to negligence.

2. ———: CONTRADICTORY. A statement of the employer's duty to furnish "a reasonably safe place to work," where evidence shows employee worked at rear of a machine, close to two swiftly revolving scrapers, each furnished with several knives which worked against a drum revolving beneath them, against which latter it was the duty of the employee with his left hand to press entrails to draw them out beneath the scrapers, and where it tends to show a defective shield over the scrapers, is not contradictory of an instruction to find for the employer if machine was not defective and does not assume the existence of negligence in other respects.

3. ———. An instruction that the defendant would not be liable if the machine operated by plaintiff was the one in general use for its purpose, and in good repair, even if the jury should find the shield would admit plaintiff's fingers and hand between it and the drum, was not erroneously refused. The court was not called upon to decide as to the possibility of such a machine's admitting plaintiff's hand.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed upon filing of remittitur.* Rehearing of case reported in 60 Nebr., 784.

*I. R. Andrews* and *Brome & Burnett,* for plaintiff in
error.

*J. L. Kaley, contra.*

HASTINGS, C.

This case is presented on a rehearing from the decision
filed last November and published in 60 Nebr., 784, which
was the second reversal of judgment in favor of plaintiff.
A somewhat careful re-examination of the record shows
no ground for changing the conclusion that there is evi-
dence from which a jury might reasonably conclude that
the machine the plaintiff was operating was improperly
and defectively constructed, and the furnishing of it to
him by defendant for use at the place and under the cir-
cumstances, indicated by the testimony on his behalf,
would constitute negligence and render the defendant
liable for resulting damage. Neither does there appear
any reason to alter the statement that there is no evi-
dence to show that the condition of the floor was due to
anything but the necessary effect of working the machine.

The last reversal is for the giving by the trial court of
instructions numbered 3 and 11. It was thought they,
without evidence, submitted to the jury questions of neg-
ligence on the part of defendant in permitting the floor
where plaintiff was standing to become wet and slippery,
and, also, in not providing a reasonably safe working
place for the plaintiff. The doctrines that instructions
must be applicable to the pleadings and the evidence, and
that they must not assume the existence of facts as to
which there is no evidence, were thought to require the
reversal of the case. This conclusion is earnestly assailed
by the plaintiff below and will be re-examined.

Assuming, then, that this verdict should be sustained
if based upon negligence in furnishing the machine in
question, and that it should be reversed if based upon
negligence in permitting the floor to become slippery, are

the instructions, taken as a whole, fairly open to the objections urged? The two held erroneous are in terms as follows:

"3. The burden of proof is upon the plaintiff in this case to establish by a preponderance of the evidence the material allegations in his petition, which are denied in defendant's answer, that is that the defendant negligently furnished plaintiff for his use and operation a defective machine as alleged and negligently permitted the floor on which plaintiff stood, when operating the machine to be slippery as alleged, whereby plaintiff, without any negligence on his part was injured; and the extent of the injury, and the damages caused thereby."

"11. It is the duty of every master to conduct his business with reasonable care and prudence, so as not to negligently or carelessly subject his servant to any danger not ordinarily incident to or connected with his employment, and it is the duty of the master to provide his servant with a reasonable safe working place and with reasonably safe machinery and appliances with which to work, and if the master fails in this regard, that is, fails to exercise such reasonable care and prudence in the conduct of his business and fails to provide his servant with a reasonably safe working place and with reasonably safe machinery for the prosecution of his work, and the servant is injured thereby and for such reason, then the master is liable in damages for such injury, unless negligence or want of ordinary care of plaintiff contributed to his injury."

By themselves, they certainly seem to indicate that the question of negligence in the condition of the floor is in the case. They must, however, be considered in connection with the others given, and the question to be determined is whether or not in connection with those others they fairly submit to the jury the questions of negligence raised by the pleadings, and as to which evidence was produced, and no others. Paragraph 1 of instructions given by the court on its own motion summarized the

pleadings. Paragraph 2 states the action to have been properly brought by a next friend. Paragraph 3 is as given above. Paragraph 4 defines preponderance of evidence. By paragraph 5 the jury were instructed that if the machine was defective and defendant negligent in providing it and thereby plaintiff was injured, and there was no contributory negligence, he should recover damages proved, unless he had assumed the risk. By paragraph 6 the jury were told that if the machine was not defective, or defendant not negligent in providing it, or if plaintiff did not exercise ordinary prudence in its use, or if he assumed the risk, in either case, verdict should be for defendant, and that the fact of injury while using the machine was not evidence of defendant's negligence. By paragraph 7 the jury were told to take into consideration the age and experience of plaintiff, the nature and operation of the machine, instructions given, condition of the floor, whether or not plaintiff was exercising due care, and all other circumstances bearing on the question of contributory negligence. By instructions 8 and 9 negligence and contributory negligence were briefly defined, and by number 10 the jury were informed that the relation of employer and employee existed between the parties and that defendant was responsible in certain respects for acts of the foreman, Wollweber. Number 11 was as given above. Number 12 was in terms following:

"And in determining whether the machinery and appliances referred to in the evidence in this case, were reasonably safe and fit for plaintiff to operate at the time of his injury, you should take into consideration all of the evidence relating to such machinery and appliances and more especially the shield in question, including the fact whether or not, such machinery and appliances and their conditions at the time of the injury were those ordinarily used and existing in business of a like and similar nature, and that at the time of the injury the machine in its condition was one ordinarily used in such business, and was reasonably safe for the operation of the plaintiff, all as it appears in the evidence."

Number 13 informed the jury that not the safest, but only reasonably safe machinery and appliances are required. Number 14, that there could be no recovery for injury that might have been avoided by the exercise of ordinary care and prudence on the part of plaintiff. Number 15 instructed them that known risks from defective machinery and appliances and conditions in which he is to work, or such as would be apparent, the servant assumes, if he voluntarily engages in the work or continues it without objection. Number 16 instructed the jury that offers of compromise were not to be considered for the purpose of establishing defendant's liability. Number 17 stated the effect of willful misstatements by witnesses. Number 18, that the jury should pass upon the credibility of witnesses. Number 19 was as to the measure of damages, and number 20 the form of verdict. Instruction number 3, asked by defendant and given, told the jury no evidence had been produced of its being usual or necessary to sprinkle salt to prevent slippping on the floor, and the allegations of negligence in that respect were to be disregarded.

Assuming that there was no evidence that the wet and slippery cordition of the floor was due to negligence on the part of defendant, and granting that such condition is the ordinary and necessary result of the operation of the machine, is paragraph 3 of the court's own instructions to be taken as an assumption that such condition by itself was negligence and an intimation that recovery might be had on that ground? The jury were told that the burden of proof was upon the plaintiff to establish negligence in furnishing a defective machine. They were told that the burden of showing negligence in the condition of the floor was also on the plaintiff. Was this to be taken as an intimation that there was evidence to sustain a finding that the condition of the floor was due to the negligence of defendant? In connection with the instruction in number 6, to find for the defendant, if the machine was not found defective, this statement would

seem to have been intended and only reasonably understood to mean, that such burden was upon the plaintiff in order to enable him to recover on the grounds mentioned. No court would intentionally declare that in order to recover on one ground of negligence, a party must prove two, and no jury should be taken to have so understood an instruction, unless clearly necessary. In view of the close connection with instruction number 6, it would seem that the natural meaning would be that to warrant a recovery on either ground, negligence, in the respect indicated, must be established. Instruction number 3 does not expressly say that to find any verdict for plaintiff, the jury must find both conditions to be met. The natural inference from the phraseology that such a requirement is made must have been prevented by the 6th instruction, to find for defendant unless the machine was defective. It does not seem, upon careful reconsideration, that these instructions are so contradictory in terms that they can not be reasonably understood together and to bear the meaning required by the case and intended by the court. Of course, if this view is taken of the meaning of the instructions as a whole, there can be no complaint, under our view of the evidence, that the verdict is contrary to the instructions taken together. The fact that no one thought of raising this objection at the trial, nor until after the application for a rehearing, indicates that no one then understood the court as requiring the plaintiff to prove two grounds of negligence in order to recover on the one as to which evidence appears.

Instruction 11, at two places, refers to the duty of furnishing "a reasonably safe working place," and it speaks of the liability for injury caused by a failure to do so. It purports to be simply a statement of abstract law. Its application to this case is apparently sought to be made by instruction number 12, in that the jury were expressly referred to the machinery and appliances, and especially to the shield, "and their condition at the time of the in-

jury." The jury had been, as indicated above, directed in instruction number 6 to find for the defendant in case they should decide the machine was not defective, and in view of the facts that the condition of the floor could not be wholly eliminated from the case so long as the plaintiff was employed to stand upon this wet floor in the rear of this machine within two feet of the revolving knives, and that the evidence discloses his slipping as one of the circumstances of the injury, a mention of the duty of an employer to provide "a reasonably safe place to work" would seem more naturally referable to the machine and its surroundings. It does not seem necessary to regard it as an intimation to the jury that they were at liberty to find negligence in the condition of the floor taken by itself. These two instructions, when taken in connection with the others given, and especially number 6, instructing the jury to find for defendant in case they should decide the machine was not defective, and number 12, referring the jury particularly to the machine and its appliances as what they were to pass on, do not seem on careful consideration to call for the reversal of the case. Briefly, an instruction that the burden of proof of the slippery condition of the floor was on plaintiff ought not to be construed as saying that a verdict might be found on such proof alone, nor as contradictory of an instruction to find for defendant, unless the machine was defective. Nor should a mere declaration that it is the employer's duty to provide a reasonably safe place to work in, be taken as equivalent to submitting the question of negligence in relation to the floor, unconnected with the machine.

We do not find anything in the instructions refused that calls for the reversal of the case any more than did the court at the former hearing. Number 1 instructed a verdict for defendant, and, of course, could not be given under our view of the evidence. Number 2 was to the effect that there was no evidence of undue hurrying "and upon that issue of negligence charged in the petition your

verdict will be for defendant." Number 3 was given. Number 4 was sufficiently discussed in the former opinion. Number 5 was to the effect that employment of a boy of plaintiff's years and instructing him to work at this machine was not negligence. As to these instructions it has already been remarked that the court, in the plainest language, in number 6 of its own instructions told the jury to find for defendant, unless they found the machine defective, and unless they found defendant negligent in supplying it. It could not be prejudicial to refuse to go further and expressly caution the jury against all other allegations. Number 2 and number 5, too, share with number 4 the defect of calling for a verdict in disregard of any defect in the machine. Number 6 in effect told the jury that the only complaint as to the machine was that the shield was raised an inch or more in front of the knives and if they found that the machine was the one in ordinary use and in good repair, defendant would not be liable though the shield was high enough above the drum to admit plaintiff's fingers and hand. It was not error to refuse this instruction. All the evidence as to the ordinary distance between the drum and shield in these machines fixes it at from one-eighth to one-quarter of an inch. It was not for the court to determine whether this would admit plaintiff's hand.

The damages assessed in the sum of $11,500 are claimed to be excessive. A former jury in this case assessed the damages at $5,000, and that verdict was set aside because of an instruction that practically declared the defendant liable unless there was contributory negligence on plaintiff's part. It appears that the plaintiff was a day laborer, and at the time of the accident was earning $1.25 per day. His expectancy of life at that time is given as forty-six years. A much smaller sum than the amount of this verdict at current rates of interest would purchase an annuity greater than his earnings as a laborer. He is, of course, not totally disabled. Under the rule of damages announced by the trial court on the evi-

Swift v. Holoubek.

dence plaintiff would be entitled to compensation for pain suffered, for disfigurement and for loss of earning capacity subsequent to his majority. Of course, none of these can be exactly estimated, but it seems clear that the amount found is much in excess of the ordinary rule in such cases, and that there should be a remittitur of a considerable amount of this verdict, and judgment entered for the remainder, rather than send this case back for another trial where two juries have found there was a meritorious cause of action, and this court has said that their finding is based upon the evidence. Plaintiff testifies to suffering severe pain for "the first week" and that he was confined to his bed some three weeks and to the house for about two months. No medical expenses are shown, and it appears a surgeon was supplied by defendant. It is recommended that plaintiff below be allowed to file a remittitur, within thirty days, of $4,000, and upon filing of the same the judgment for the remainder be affirmed, and in default thereof that the judgment be reversed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons above given, it is ordered that plaintiff be allowed to file a remittitur in thirty days of $4,000, and that the remainder of the judgment, with interest·on such remainder from date of its rendition, be affirmed, and in default of such remittitur the judgment to be reversed and the cause remanded.

JUDGMENT ACCORDINGLY.