JOHN C. BURK v. WALSH & OLTROGGE, Appellants.

Action for a Personal Injury: CUSTOMER: RIGHTS OF: ENTRY UPON PREMISES. A customer who is in a store for the purchase of goods is there by implied invitation and for an authorized purpose, and is entitled to protection; and it is immaterial whether he come onto the premises in an authorized manner or not.

Evidence: INSTINCT OF SELF PRESERVATION: INSTRUCTION. Where there is direct evidence of the facts and circumstances surrounding an injury, the inference from the instinct of self-preservation is secondary evidence and not to be considered.

Protection to Elevator Shaft; INSTRUCTION: ERROR: It is error to instruct the jury that defendant is legally bound to "erect and maintain guards or barriers" to protect an elevator shaft on the ground that it precludes any other method of protection.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

WEDNESDAY, OCTOBER 29, 1902.

ACTION to recover damages for personal injuries. Verdict and judgment for plaintiff. Defendant appeals. —*Reversed.*

*Boies & Boies* for appellants.

*Mullan & Pickett* for appellee.

McCLAIN, J.—The undisputed facts with reference to the method in which plaintiff suffered the injury for which he seeks to recover damages from defendants are substantially as follows: Defendants were conducting a hardware business in a store fronting on a main street in Waterloo, and abutting at the rear on an alley. About midway between the two sides of the store, and 12 feet from a

door opening from the alley, was a freight elevator, inclosed on three sides, but open on the side fronting toward the rear door, and so constructed that when the elevator was at the main floor the platform thereof constituted a portion of the floor of the room, and when the elevator was taken upward to the second floor or downward into the basement the opening in the main floor was unguarded as against the approach of a person coming from the rear door. Plaintiff entered through the rear door, walked into the elevator shaft on the unprotected side,—the elevator at the time being at the second floor,—and fell into the basement, receiving severe injuries. The jury returned a general verdict in favor of the plaintiff, but gave a negative answer to a special interrogatory propounded at the request of defendants, as follows: "Had defendants, prior to the accident complained of, ever extended to the plaintiff any express or implied invitation to enter their storeroom through the back door thereof?" And it is contended in behalf of appellants that this special finding was inconsistent with the general verdict, and that the latter should have been set aside on their motion; and, further, that in this court judgment should be rendered for the defendants on such special finding. For the appellee, however, it is contended that the interrogatory was improper, first, on the ground that it involves answers to two distinct questions: (1) Whether there was express invitation; (2) whether there was implied invitation; and, further, that it calls for an answer involving a mixed question of law and fact, and that, therefore, the answer to it should not be controlling as against the general ve dict.

We might have some difficulty in determining the questions thus raised, but find it unnecessary to discuss them. Even if the answer to the interrogatory above referred to were conclusive that plaintiff entered defendants' store in an improper way, it would not determine the case as against the general verdict, for the plaintiff alleged negli-

gence of defendants in not protecting him as a customer in their store for the purpose of purchasing goods, and it needs no citation of authorities to support the proposition that one who is on the premises of another as such customer, and therefore by implied invitation, is entitled to protection. In this respect it is immaterial how plaintiff came

1. CUSTOMER: rights of: entry on premises.

upon the premises, whether in an unauthorized manner or not, if he was there for an authorized purpose. Counsel for appellants insist that this ground of recovery was not relied on, but we find it not only stated in the petition, but urged in one of the instructions asked by the plaintiff; and the instructions given by the court clearly warrant a recovery on that ground, for they apply not only to an entry through the rear door under implied invitation, but in general to the presence in the store of one who, by implied invitation, is there for the purpose of purchasing or examining goods. Therefore a finding that plaintiff entered through the rear door, without invitation, would not preclude his recovery, if, being in the store by implied invitation, he was injured by the negligence of the defendants.

Plaintiff was examined as a witness to the circumstances attending his injury and his conduct as bearing on the question of contributory negligence. The court in-

2. EVIDENCE: instinct of self preservation: instruction.

structed the jury that it was not incumbent on the plaintiff to establish his freedom from negligence contributing to his injury by direct and positive evidence, but that want of negligence on his part might be established from the facts and circumstances in the case, and that in determining whether plaintiff was free from negligence the jury could take into consideration "all of the facts and circumstances as shown by the evidence surrounding the transaction, and the instincts of the plaintiff which would naturally lead him to avoid the danger of walking into the open hatchway, as

evidence upon the question of care and caution on his part." This instruction is contrary to the rule recognized in numerous decisions of this court to the effect that the instinct of self-preservation is to be taken into account as tending to show freedom from contributory negligence only where direct evidence as to whether the injured party did or did not exercise reasonable care is not attainable. *Dunlavy v. Railway Co.*, 66 Iowa, 435; *Whitsett v. Railway Co.*, 67 Iowa, 150; *Reynolds v. City of Keokuk*, 72 Iowa, 37 ; *Hopkinson v. Knapp & Spalding Co.*, 92 Iowa, 328; *Salvers v. Monroe*, 104 Iowa, 74; *Bell v. Town of Clarion*, 113 Iowa, 126. In 1 Thompson Negligence (2d Ed.) section 402, the rule adopted by this court is criticised as contrary to the weight of authority indicated in the preceding section that the inference from the instinct of self-preservation may be taken into account as supporting direct evidence tending to show freedom from contributory negligence, but we think that the doctrine of this court may be supported on the reasonable ground that, where there is direct evidence as to the facts and circumstances surrounding the injury the inference from the instinct of self-preservation is secondary evidence, and not to be considered. At any rate, the rule is now too well established in this state to be disregarded without overruling well considered cases which are directly in point, and this we are not disposed to do. The instruction given was clearly erroneous.

In another instruction the court told the jury that, if plaintiff entered defendant's store through the rear door by express or implied invitation, and the elevator hatch-way was in such proximity to that door, and so located, that persons entering the store through that door were liable to step or fall into it, "then the law imposes upon the defendants the obligation to protect such open hatchway upon the side thereof towards such door," and that "a failure on the part of defendants to erect and maintain

3. PROTECTION to elevator shaft: instruction: error.

guards or barriers to protect persons entering such store-room through such rear door from stepping or falling into such hatchway makes them guilty of negligence.'' The court, by such instruction, assumed to say that under no circumstances would the defendants be free from negligence with reference to the maintaining of the hatchway unless they erected guards or barriers. We hardly think it competent to thus specifically define the protection which defendants owed to a person on their premises in the exercise of ordinary care. For instance, if it were inconvenient, in the use of the elevator for proper purposes, to maintain a barrier or barricade, but a watchman was stationed outside the open hatchway to warn all persons approaching of the danger, this would, no doubt, be sufficient. Possibly, in view of what was said in other instructions as to the duty of defendants, the jury were not misled by this instruction in applying the law to the evidence but, as an abstract proposition, it is not a correct statement of the general rule of law.

For the errors pointed out in the instructions to the jury, the judgment is REVERSED.