PONKE *v.* DETROIT UNITED RAILWAY.

1. DAMAGES—VERDICT—AMOUNT.
    Upon somewhat conflicting testimony, a verdict of the jury, in a personal injury case, for $500 damages, was not excessive for a broken rib, pain in the side and leg, and a bruise on the hip, causing plaintiff to be absent from work

and confined to the bed five weeks, and to pay out $40 in expenses, so as to require the granting of a new trial.

2. SAME—EXTENT OF INJURIES—NEW TRIAL.

*Held,* that plaintiff's proofs were sufficient to support a verdict for that amount, on motion for a new trial, the testimony relative to the loss of time and the extent of physical injury sustained by plaintiff in dispute.

Error to Wayne; Mandell, J.  Submitted October 8, 1915.  (Docket No. 28.)  Decided December 21, 1915.

Case by Frank Ponke against the Detroit United Railway for personal injuries.  Judgment for plaintiff. Defendant brings error.  Affirmed.

*Frederic T. Harward (Corliss, Leete & Moody,* of counsel), for appellant.

*Dohany & Dohany,* for appellee.

KUHN, J.  The plaintiff recovered a judgment in the sum of $500 for injuries claimed to have been received by him on October 26, 1912, while standing on the back platform of one of the defendant's cars when it was struck by another car going in the same direction. It is claimed that as a result of the collision he was thrown against the dividing rail, which broke off, and in consequence of the injuries suffered he was confined to his bed for a period of five weeks; that he did not go to work until January 3, 1913, and for two months after the accident he suffered pain; that during the time he was confined to the house the doctor called on him twenty times; and that he paid him the sum of $40 for his services.  It was the contention of the defendant that the collision was an unavoidable accident, and that the books of Caille Bros., where the plaintiff was working at the time of the accident, show that at that time there were employed by Caille Bros. four people by the name of Ponke, viz., John Ponke, Dave

Ponke, B. Ponke, and F. Ponke, and that the F. Ponke is the plaintiff in this case and was away from work from October 26, 1912, to November 4, 1912. The defendant moved for a new trial on the ground that the verdict was excessive and contrary to the weight of the evidence, and appended to the motion was an affidavit of Wilford Elliott, who, it appears, was the timekeeper for Caille Bros. at the time of the accident; the substance of the affidavit being that he was personally acquainted with Frank Ponke, and that Frank Ponke's name appeared on the pay roll of the company as "F. Ponke," and that the same F. Ponke was absent from his work only from October 26, 1912, until November 4, 1912. On this appeal it is the contention of counsel for the defendant and appellant that the court erred in not granting a motion for a new trial, made on the grounds that the verdict was grossly excessive and contrary to the great weight of the evidence.

The plaintiff testified that immediately upon his arrival home after his injury he called Dr. Thomas Dowling, who, upon being sworn, testified that upon being called to treat the plaintiff on October 26, 1912, he found him in bed and suffering severe pain on his side and down the leg; that he found plaintiff had a fracture of the twelfth rib, and that there seemed to be a crepitus between the two bones where the rib was broken on the right side; that the plaintiff's right hip was bruised and swollen, and seemed to be pretty painful; that he put on bandages to hold the rib in position, which remained on between a week and two weeks; that the discoloration on the right hip remained for nearly two weeks; and that the pain in the right leg was probably due to pressure on the sciatic nerve; that he called on the plaintiff 20 times. He stated further that the plaintiff was in bed over two weeks; nearly three weeks, he thought. The records of Caille Bros. further show that F. Ponke appears to have

drawn as pay 37½ cents an hour in November and December of 1912. The plaintiff testified that he was not paid by the hour during that time, as he was working in the experimental department, and was paid by the week.

It is quite true that this record presents a case in which it is impossible to reconcile the testimony of the plaintiff and the physician with that of the defendant's witnesses. It may be, as the trial judge in denying the motion for a new trial said, either that the plaintiff had committed perjury in testifying as to the length of time he was confined to his house, or the witnesses of the defendant, the employees of Caille Bros., were mistaken as to the identity of the plaintiff. To determine the credibility of these witnesses, however, was a matter peculiarly within the province of the jury, and we are not satisfied that the verdict was against the great weight of the evidence so as to require this court to overrule the decision of the circuit judge in refusing a new trial on that ground, under the rule announced in *Gardiner* v. *Courtright,* 165 Mich. 54 (130 N. W. 322) ; *Fike* v. *Railroad Co.,* 174 Mich. 167 (140 N. W. 592) ; *Druck* v. *Lime Co.,* 177 Mich. 364 (143 N. W. 59) ; *McGary* v. *Motor Co.,* 182 Mich. 345 (148 N. W. 722) ; *Silverstone* v. *Assurance Corporations,* 187 Mich. 333 (153 N. W. 802). Neither are we of the opinion, if the jury believed the testimony of the plaintiff and his physician as to his injuries, that the amount of the verdict was grossly excessive or unreasonable.

Judgment is affirmed.

BROOKE, C. J., and PERSON, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.