FRANK PARAVE, ADMINISTRATOR AD PROSEQUENDUM OF JOSEPH PARAVE, DECEASED, RESPONDENT, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, A NEW JERSEY CORPORATION, APPELLANT.

FRANK PARAVE, ADMINISTRATOR AD PROSEQUENDUM OF PETER PARAVE, DECEASED, RESPONDENT, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, A NEW JERSEY CORPORATION, APPELLANT.

JOSEPHINE RACZAK, ADMINISTRATRIX AD PROSEQUENDUM OF BENJAMIN KURZENSKY, DECEASED, RESPONDENT, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, A NEW JERSEY CORPORATION, APPELLANT.

Argued February 9, 1932—Decided May 16, 1932.

For the appellant, *Henry H. Fryling* and *Henry J. Sorenson.*

For the appellees, *Avis & Avis.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from three judgments entered in the Supreme Court on a verdict rendered in favor of the plaintiffs against the defendant in the Gloucester Circuit.

The actions were brought under the Death act to recover damages for the pecuniary loss sustained by the plaintiffs because of the deaths of their intestates in a collision between a Ford car in which the three decedents were riding and an automobile passenger bus owned and operated by the defendant.

The cases were tried together and on rules to show cause, based only on the excessiveness of the verdicts, two of the verdicts were reduced by the Supreme Court.

The complaints alleged that on October 29th, 1930, the decedents were occupants of a Ford automobile which was being operated by Joseph Parave, and proceeding in a southerly direction along the public highway known as Delsea Drive in the township of Franklin, county of Gloucester and State of New Jersey; that the defendant was operating its bus along the Delsea Drive proceeding in a northerly direction, and that as the Ford automobile in which the decedents were riding and the bus of the defendant approached the intersection of the Delsea Drive with the public highway leading from Delsea Drive to Ionia (known as the Williamstown road), the defendant negligently operated its bus at a high and unlawful rate of speed, and without due regard for the rights and safety of other persons using said highway, and negligently failed to have the bus in proper mechanical order and the brakes in good proper working condition, and negligently operated it from the right or easterly side of the Delsea Drive to the left or westerly side thereof, so that it collided into and against the automobile in which decedents were passengers, resulting in their deaths.

The answers deny the allegations of the complaints, except

the ownership and operation of the bus, and plead contributory negligence on the part of decedents.

At the close of the plaintiffs' case, the appellant moved for nonsuits in all three cases, which motions were denied and exceptions taken thereto. The reasons advanced for the motions for nonsuits were that there was no proof of any negligence nor any proof of any facts which give rise to an immediate inference of negligence which was the proximate cause of whatever had taken place; and that there was no proof in the cases that the decedents were in an automobile which was being operated in a southerly direction along Delsea Drive nor that it collided with the bus of the defendant, nor that an accident took place as the result of negligence which was the proximate cause, on the part of defendant, in which accident the decedents met their deaths.

At the close of the entire case, the appellant moved for the direction of verdicts for the same reasons given in the motions for nonsuits with the additional reason that the decedents were guilty of contributory negligence.

These motions were also denied and exceptions taken thereto.

The propriety of the judge's rulings is before us on an appeal from the judgments.

"A motion for a nonsuit admits the truth of the plaintiff's evidence, and every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law. And the same rule by parity of reasoning is applicable as to a motion to direct a verdict for the defendant, based upon the insufficiency of the evidence to establish a legal cause of action." *Fox et ux.* v. *Great Atlantic and Pacific Tea Co.,* 84 *N. J. L.* 726; 87 *Atl. Rep.* 339. Citing *Weston Co.* v. *Benecke,* 82 *N. J. L.* 445.

"A refusal to nonsuit, for failure of proofs, will not justify a reversal if the defect be supplied by evidence thereafter taken during the progress of the cause." *Maudsley* v. *Richardson & Boynton Co.,* 101 *N. J. L.* 561.

Counsel for appellant at the argument abandoned the plea of contributory negligence.

A brief recital of the facts as they appeared in the case will, we believe, suffice to dispose of the points advanced by defendants for the reversal of the judgments.

For the plaintiffs, Arthur Merini, an Italian who understood, but could not speak English fluently, testified that on the night of the accident he was proceeding in an automobile in a southerly direction along the Delsea Drive on his way from Philadelphia to Vineland. For some distance before he reached the Williamstown cross-road he had noticed an automobile following him on the right side of the Delsea Drive and going also in a southerly direction, the light of which he could plainly see in his mirror; that as he approached the said cross-road the automobile continued to follow in the rear; and that he also saw approaching him a bus traveling in the middle of the Delsea Drive, and that shortly after Merini had passed the Williamstown cross-road this bus passed him going in the opposite direction, and that in his mirror he saw lights of the automobile still back of him and the rear red lights of the bus which had passed him and he saw the bus shoot across the road to its left, heard a crash and he no longer saw the lights of the automobile that had been following him, but saw the bus go across the road to its left and into a field.

He didn't stop because he had no money with him and feared he wouldn't make home that night with his disabled car.

Merini also testified that no automobile was coming out of the Williamstown road on to the Delsea Drive at or near the time of the collision.

There was other proof from which the jury could find that defendant's bus swerved from its proper side of the Delsea Drive to the left side thereof and finally stopped at a point more than one hundred feet from the intersection of the center line of Delsea Drive with the Williamstown cross-road and from forty to fifty feet to the west of the westerly edge of the concrete part of the Delsea Drive and that the collision occurred at or near the center of these two intersecting roads; that the Ford automobile was found immediately after the

collision a few feet from the bus with its rear up against a tree, facing south, its left side smashed in, that the glass and other broken parts were all on the westerly side of Delsea Drive; that the front part of the bus was damaged; that three boys were found between the Ford automobile and the bus, about thirty-five feet from the westerly edge of the Delsea Drive; that these boys were taken to the hospital and there died and were identified as the plaintiff's intestates and as the same boys who had started out together that same evening in a small car. The operator of the bus admitted that he had a collision with a Ford automobile on the night in question at or near the place of the accident and that afterward he saw the three passengers that were in the Ford automobile; and that they were lying about thirty feet from the automobile after the collision.

It would seem, therefore, that a legitimate inference from all the facts in the case would be that the three boys who died in the hospital were the three boys who started out together in the small car and that the decedents were the occupants of the Ford car and met their deaths in the collision between that car and the bus.

Defendant also argues that there was no proof of negligence on the part of the defendant.

The testimony of Merini alone was sufficient to make out a *prima facie* case of negligence on the part of the operator of the bus as the proximate cause of the accident. Furthermore, the appearance of the Ford car and the bus, as shown by the exhibits offered in the case, and the testimony of three witnesses that they heard the crash half a mile away, indicate that there was a terriffic impact and this, coupled with the testimony as to the distance the bus traveled after the impact, would warrant the jury in finding that the bus was traveling at an excessive rate of speed.

This court has held in *Healey* v. *Braested,* 98 *N. J. L.* 520; 120 *Atl. Rep.* 12, in a case in which an automobile collided with a motorcycle that although there was no direct testimony of the speed of the automobile, nevertheless the jury would have been warranted in finding from the force of the impact

of the automobile and the motorcycle and the distance the automobile proceeded thereafter before it was stopped, that the latter was being driven at an excessive rate of speed.

The operator of the bus testified that he was traveling north on the right side of the Delsea Drive at about thirty-five to forty miles an hour and that when he was about three hundred feet from the Williamstown cross-road, he saw an automobile on his right coming out of the Williamstown road and he slackened his speed slightly because it was wet and the bus might slip, and when he was within thirty feet from the cross-road, he saw that the automobile coming out therefrom was not going to stop, although it was a "stop street," so that he applied his brakes as hard as possible, pulled to his right to get the rear wheels of the bus on the gravel shoulder so the brakes would hold better and then he cut the bus to the left so that the automobile wouldn't hit him full in the side, but that the automobile struck his right front wheel, bouncing around and tore across in front of him and the impact took the steering wheel out of his hands and caused him to lose control of his bus, broke the pipe that held the vacuum for control of the brakes, his lights went out and the bus then went across the road to the left side thereof and stopped about two bus lengths off the road from the corner, that the right front wheel and fender of the bus came in contact with the left front of the Ford automobile and that they came together about in the middle of the Williamstown road as extended over the Delsea Drive.

There was testimony by witnesses who took the operator of the bus from the scene of the accident to the police barracks to the effect that he had stated that he never saw the Ford automobile at all and that there was testimony offered by the state trooper that the operator of the bus said that his brakes were none too good.

It would serve no useful purposes to further review the testimony. In *Podolosky* v. *Sautter*, 102 *N. J. L.* 598, and numerous other cases in this court, it has been held that: "Before the judge can take away from the jury the question whether or not the negligence of the defendant is the proxi-

mate cause of the injury and determine that question himself, the facts must not only be undisputed, but the inferences to be drawn from those facts must be such that fair-minded men ought not to differ about them."

As was said in *Work* v. *Philadelphia Supply Co.*, 95 *N. J. L.* 193: "So, on the point of defendant's negligence all the trial court had to decide was whether negligence of defendant may be reasonably inferred. It was open for the jury then to say whether from the facts in proof, negligence ought to be inferred."

Many cases are cited on the brief of counsel for defendant, such as *McCombe* v. *Public Service Railway Co.*, 95 *N. J. L.* 187; *Adriance* v. *Schenck Brothers et al., Ibid.* 185; *Price* v. *New York Central Railroad Co.*, 92 *Id.* 429, and others too numerous to mention, to the effect that negligence is a fact which must be shown and will not be presumed, that there is always a presumption against negligence, and that the only presumptions of fact which the law recognizes are immediate inferences from the facts proved and that this does not extend to drawing an inference from an inference or to permit a presumption to arise from a presumption.

We have no quarrel with the principles enunciated in these cases, but we do not consider that they have any application to the case *sub judice.*

We find ample evidence from facts proved, and the presumption of fact which the law recognized as immediate inferences from the facts so proved, to justify the trial court in refusing the motions of defendant to grant a nonsuit and to direct a verdict for defendant.

We are of the opinion, therefore, that the judgments should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.