MARY A. HOLLAND, administratrix, *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.     May 13, 1932. — May 20, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, FIELD, & DONAHUE, JJ.

*Negligence,* Railroad, Causing death. *Conflict of Laws. Evidence,* Matter of conjecture.

At the trial of an action by an administrator against a railroad corporation for causing the death of the plaintiff's intestate, there was evidence that the intestate at 4.30 P.M. boarded a train of the defendant in Boston to go to Laconia in New Hampshire; that the train had seven cars, five of which were vestibuled day coaches; that he was not again seen alive, but his body was found between two main line tracks of the defendant about a mile south of the station at Concord, New Hampshire, at 6.30 P.M.; that "one of the trainmen called out, 'Concord Station next,' as they were approaching Concord; that shortly afterwards the train came to a stop with a sudden and violent jerk; that the place where the train stopped was about one and one half miles from the Concord Station"; and that a rule of the defendant required that if the train made an unusual stop trainmen must be careful not to announce the station, and if there was any movement of passengers toward the car platform they must say, "This is not the station stop." A verdict was ordered for the defendant. *Held,* that

(1) Since the action was tried in this Commonwealth, G. L. c. 231, § 85, applied and it was to be presumed that the plaintiff's intestate was in the exercise of due care;

(2) The only question to be determined was whether there was evidence of negligence of the defendant;

(3) How the plaintiff's intestate got off the train was left entirely to conjecture; and the verdict properly was ordered.

The record before this court in the action above described not showing
   what was the statute law or common law of New Hampshire govern-
   ing the rights of the parties, it *was assumed* in favor of the plaintiff
   that the action was brought under Public Laws of New Hampshire,
   c. 302, § 12.

TORT for causing the death of the plaintiff's intestate.
Writ in the Municipal Court of the City of Boston dated
March 20, 1931.

On removal to the Superior Court, the action was tried
before *Morton,* J.  Material evidence is stated in the opinion.
The judge ordered a verdict for the defendant.  The plain-
tiff alleged exceptions.

*F. M. Carroll & D. J. Murphy,* for the plaintiff, sub-
mitted a brief.

*F. P. Garland,* (*J. DeCourcy* with him,) for the defendant.

RUGG, C.J.  This is an action of tort to recover com-
pensation for causing the death of the plaintiff's intestate.
There was evidence tending to show that on December 6,
1930, the plaintiff's intestate purchased of the defendant
in Boston a ticket for transportation to Laconia, New
Hampshire, and that he boarded a train in Boston at half
past four in the afternoon of that day for that destination.
The material evidence was that the train consisted of seven
cars, five of which were passenger cars and none of which
was a Pullman car.  The passenger cars were described by
the defendant in answer to interrogatories as vestibule
cars, "the outside platforms at the ends of the cars were
equipped with vestibules which were so constructed that
it was possible to close in the platforms on the sides by
lowering the hinged traps provided for covering the steps
leading from either side of the platform to the ground and
by closing the doors set flush with the outside walls of the
cars to cover the openings remaining in the sides of the
vestibules over the lowered traps.  In order to permit
passengers to board and to alight from the cars these doors
were first opened back flat against the ends of the cars
and then the traps covering the steps were lifted and
folded back against said doors."  The train crew consisted

of three brakemen and two conductors. The plaintiff's intestate was traveling alone, the last witness who saw him alive being his widow who accompanied him to the train in Boston. At 6:30 P.M. on the same day the body of the plaintiff's intestate was found dead between two main line tracks of the defendant railroad about a mile south of the station of the defendant at Concord, New Hampshire. Evidence admitted without exception tended to show that he "evidently fell or stepped off the train . . . as he was on his way to Laconia, N. H. . . . He sustained fracture of cervical vertebrae." A passenger who boarded the train at Manchester, New Hampshire, did not see the plaintiff's intestate but testified that "one of the trainmen called out, 'Concord Station next,' as they were approaching Concord, that shortly afterwards the train came to a stop with a sudden and violent jerk, and that the place where the train stopped was about one and one half miles from the Concord Station. It was then about six o'clock and 'pitch dark.'" A rule of the defendant was introduced in evidence to the effect that trainmen after leaving stations should announce the name of the next station at which the train would stop, and that when a train was about to stop at a station the name of the station should be called twice from within the car; if the train makes an unusual stop they must be careful not to announce the station and if there is any movement of passengers toward the car platform they must say "This is not the station stop." At the close of the evidence the defendant's motion for a directed verdict in its favor was allowed and the plaintiff's exceptions bring the case here.

The accident manifestly happened in the State of New Hampshire. The cause of action therefore depends upon the law of that State. There is nothing in the record to indicate the statute or the common law of that State governing the rights of the parties. Since at common law there is no right of recovery for causing the death of an individual by negligence, *Arruda* v. *Director General of Railroads,* 251 Mass. 255, 259–260, it is assumed in favor of the plaintiff that the action is brought under Public Laws of

New Hampshire, c. 302, § 12, see also §§ 7, 9, 10, 11, 13, 14, to which our attention has been drawn by the defendant. Since the case was tried in this Commonwealth our laws of practice and procedure govern, and under G. L. c. 231, § 85, it is to be presumed that the plaintiff's intestate was in the exercise of due care. The only question to be determined, therefore, is whether the plaintiff has sustained the burden of proving negligence on the part of the defendant as the cause of the injury to the intestate. *Deagle* v. *New York, New Haven & Hartford Railroad,* 217 Mass. 23, 24. In *Boucher* v. *Boston & Maine Railroad,* 76 N. H. 91, at page 95, it was said: "The carrier does not insure the passenger against injury from any cause during transportation, and there is no implied contract of safe carriage. The plaintiff's right of action is based on negligence, and negligence must be shown to authorize a recovery. If the accident may have been due to other causes than the carrier's negligence, the fact of the accident does not authorize the inference of negligence." The stopping of the train elsewhere than at a station by itself alone is no evidence of negligence. Testimony that it stopped with a sudden and violent jerk by itself is not evidence of negligence. *Foley* v. *Boston & Maine Railroad,* 193 Mass. 332, 335. How the plaintiff's intestate got off the train is left entirely to conjecture. Whether he himself opened the traps covering the steps of the vestibule and stepped off there, or whether he stepped off one of the cars that was not vestibuled, or whether in some other way he became separated from the train is left entirely to conjecture. *Currier* v. *Boston & Maine Railroad,* 78 N. H. 586. *Vaughan* v. *Boston & Maine Railroad,* 78 N. H. 615. *Ingerson* v. *Grand Trunk Railway,* 79 N. H. 154. The case at bar is governed also by *Keller* v. *New York, New Haven & Hartford Railroad,* 255 Mass. 526, and *Gillis* v. *Boston, Revere Beach & Lynn Railroad,* 266 Mass. 481.

<em>Exceptions overruled.</em>