H. E. DeBUHR, Appellant, v. EDNA V. TAYLOR, Administratrix, Appellee.

No. 45935.

AUGUST 11, 1942.

REHEARING DENIED NOVEMBER 20, 1942.

B. C. Sullivan, of Rockford, and R. W. Zastrow, of Charles City, for appellant.

Larson & Carr, of Charles City, for appellee.

MITCHELL, J.—At about four o'clock on the afternoon of May 23, 1940, H. E. DeBuhr, the plaintiff in this action, was driving his Chevrolet automobile on a graveled highway which runs in an easterly and westerly direction. He was driving east and when he reached a point about a mile and a half from the town of Rockford, in Floyd county, Iowa, he saw an automobile on a lane or driveway which runs from a field to the south and intersects the main highway from the south, forming a T. According to the plaintiff's testimony, he first saw the car coming into the highway from this lane when he was about 150 feet from the lane. He put his foot on the brake, and then he saw the automobile in the lane stop its forward movement toward the highway and start backing toward the south or

toward the field. Plaintiff says he thought the road was clear and drove on at a rate of speed of between 45 and 50 miles an hour. When he was within 4 feet of the entrance of the lane to the highway the car of the defendant's intestate, A. B. Taylor, appeared in front of him, and to avoid colliding with the automobile, plaintiff swerved his automobile around the Taylor car, lost control of it, and, about 200 feet down the highway, went into the ditch, injuring himself, for which injuries this cause of action was brought.

The only witness who testified in regard to the accident was the plaintiff himself; in fact, he was the sole and only witness with the exception of a civil engineer who made a plat of the road. A. B. Taylor, the driver of the other car, died between the time of the accident and the time of the trial of this cause but his death was not in any way caused by the accident. His administratrix was substituted as defendant.

The defendant offered no evidence and at the close of the plaintiff's evidence made a motion for a directed verdict, which was overruled by the lower court and the case submitted to the jury, which returned a verdict for the defendant. Plaintiff, being dissatisfied, has appealed.

The only error alleged is that the court erred in giving instruction No. 5, which we quote:

"In determining whether or not, at the time and place in question, the said A. B. Taylor was in fact negligent in the respects claimed by plaintiff, it is proper for you to take into consideration the rule of law in this state that where a party to the action is deceased, and there is no eyewitness, or any obtainable direct evidence as to what the deceased did or failed to do by way of precaution at and immediately before the accident, the presumption is that he, prompted by natural instinct, was in the exercise of due care for his own safety, and that the burden is on the plaintiff to offer sufficient competent evidence showing the negligent operation of the deceased's automobile, in the respect claimed, to overcome this presumption."

This instruction was given in behalf of, and at the request of, the appellee, the defendant below. Neither party in his brief cites any cases directly passing upon this question,

to wit: Is the defendant in an action such as the case at bar entitled to a no-eyewitness-rule instruction in his favor? The appellee cites the case of Swift & Co. v. Holoubek, 60 Neb. 784, 84 N. W. 249, 62 Neb. 31, 86 N. W. 900, but a reading of that case clearly shows that the no-eyewitness rule was not involved. Our attention is also called to the case of Vance v. Grohe, 223 Iowa 1109, 1117, 274 N. W. 902, 905, 116 A. L. R. 332. We quote:

"While this matter usually arises in connection with the question of contributory negligence on the part of one who has been injured or killed in an accident, we see no reason why the same principle is not applicable in any case where the issue is the determination of whether a party exercised or did not exercise care."

The statement was mere dictum in the case and had no bearing whatever on the holding of the court in the cited case. In fact, in the Vance v. Grohe case, at page 1115 of 223 Iowa, page 905 of 274 N. W., the court quotes from the case of Burk v. Walsh & Oltrogge, 118 Iowa 397, 400, 92 N. W. 65, 66, as follows:

" 'This instruction is contrary to the rule recognized in numerous decisions of this court to the effect that the instinct of self-preservation is to be taken into account as tending to show freedom from contributory negligence only where direct evidence as to whether the injured party did or did not exercise reasonable care is not attainable.' " (Citing numerous cases.)

So in that case we recognized the fact that the instinct of self-preservation is to be taken into account as tending to show freedom from contributory negligence, rather than showing that a defendant who was not charged with showing freedom from contributory negligence was using due care at the time of the accident. The appellee also calls our attention to the case of In re Estate of Hill (Gaard v. First Tr. & Sav. Bk.), 202 Iowa 1038, 208 N. W. 334, 210 N. W. 241. In 208 N. W. 334, there will be found certain statements by way of dictum in regard to the no-eyewitness rule, but in 202 Iowa 1038, 210 N. W. 241, in an opinion on rehearing, the statements in re eyewitness rule were omitted. There is no statement therein which tends to

show that the defendant is entitled to the instruction complained of. In fact, it could be argued that by the withdrawal of the language which was contained in the original opinion, this court, as it was then composed, was opposed to the giving of the instruction on behalf of the defendant.

The rule as to the instinct of self-preservation merely supplies inference for otherwise defective records in death actions that the deceased used due care, and does not furnish evidence of affirmative excuses offered for his negligence. The burden of proving the negligence of the appellee (defendant below) was at all times upon the appellant. Not only was he charged with the duty of showing negligence but he must also prove freedom from contributory negligence on his own part. This court, in the case of Hittle v. Jones, 217 Iowa 598, 606, 250 N. W. 689, 693, used the following language:

"This rule relating to the instinct of self-preservation goes no farther than to supply, for an otherwise deficient record, the inference that the appellant's intestate used due care. Ames v. Waterloo & Cedar Falls Rapid Transit Co., 120 Iowa 640, 95 N. W. 161."

In the case at bar the record shows that the appellee's intestate could see down the highway a distance of several hundred feet. If he did look, he must have seen the appellant as he approached. The appellant had the right of way and it was the duty of the appellee's intestate as he entered this highway to ascertain whether or not there was a car approaching. This he clearly did not do. The no-eyewitness-rule presumption is used in connection with contributory negligence and is not available in cases where the negligence is proved by eyewitnesses and physical facts. See Edwards v. Perley, 223 Iowa 1119, 274 N. W. 910. It was incumbent upon the appellant to prove that the appellee's intestate was negligent. This he did by direct testimony, showing what he saw by the physical facts and the circumstances surrounding the injury. If the appellee was entitled to the presumption which the complained-of instruction gave her, it would in fact be giving her the benefit of an inference that the appellee's intestate did look; that he acted as a reasonable and prudent man; and that he could see, and after

seeing he had a reasonable time to enter upon the highway. All of these things are contradicted by direct testimony as to what appellee's intestate did, for appellant testified that appellee's intestate was backing away from the road as he was approaching the intersection of the lane and highway. Appellee was not charged with the responsibility of showing what her intestate did. All that she had to do was to offer as affirmative proof whatever evidence she might have had in regard to what appellee's intestate did at that time. To say that she was entitled to a presumption would be in fact giving her affirmative proof rather than a mere presumption. We can come to no other conclusion than that the lower court erred in giving instruction No. 5.

Appellee contends, however, that she was entitled to a directed verdict and any error in the court's instruction against the appellant is not prejudicial.

We turn to the record to ascertain the facts. The appellant was familiar with the highway on which he was driving and knew the lane or drive which was being used by appellee's intestate. When the appellant was about 150 feet west of this lane or driveway he saw an automobile driven by A. B. Taylor moving up this lane toward the highway. At that time the DeBuhr car was traveling between 45 and 50 miles an hour, and he testified that he put his foot on the brake when he saw the Taylor car and that he watched the Taylor car. He saw it move south toward the field, backing away from the main highway. When appellant noticed it moving backward he removed his foot from the brake and proceeded on at the rate that he had been traveling, to wit, 45 to 50 miles per hour. Appellant testified that he did not again see the Taylor car until he was within 4 feet of it, at which time the Taylor car was directly in front of him in the main part of the highway, turning east. At that moment, he turned to the left, passed around the Taylor car, drove on down the graveled highway for a distance of approximately 200 feet, and then went into the ditch. He did not strike the Taylor car. The accident happened about 4 o'clock in the afternoon of a bright, clear May day. The road was a level graveled highway in good condition.

Appellant saw the Taylor car approach the highway from the lane, stop and back up. Naturally, he assumed, and properly so, that the driver of the car would wait until he, appellant, had cleared that portion of the highway opposite the lane. It was reasonable to infer that the driver stopped and backed up for the very purpose of allowing appellant to pass. The conduct of Taylor in stopping and backing up led appellant to believe that it was not necessary for him, in the exercise of ordinary care, to maintain a constant lookout.

Appellant had a right to assume, until he had knowledge or notice to the contrary, that Taylor would not drive onto the highway without exercising reasonable care. It was Taylor's duty not to enter the highway until he believed, and had a right to believe, that he could do so with due regard to the safety of appellant or others using the highway. Carstensen v. Thomsen, 215 Iowa 427, 431, 245 N. W. 734; Olson v. Shafer, 207 Iowa 1001, 1004, 221 N. W. 949.

Appellant was not under the duty of watching the Taylor car at all times. He was required only to exercise reasonable care in maintaining a lookout. Appellant testifies that he did look when he was 150 feet from the lane. At that time he saw the Taylor car back down away from the highway on which he was traveling and on that account he proceeded on down the road. It is the opinion of the majority of this court that the lower court was right in overruling the motion and in submitting the case to the jury. Due to the error in the instruction given as hereinbefore pointed out, it necessarily follows that this case must be, and it is,—Reversed.

WENNERSTRUM, C. J., and BLISS, GARFIELD, SAGER, and OLIVER, JJ., concur.

MILLER, J., dissents.

MILLER, J. (dissenting)—I am unable to agree with the majority opinion herein and respectfully dissent. The only error assigned is the giving of instruction 5, quoted in the majority opinion. I do not think that said instruction was erroneous. Accordingly, I would affirm.

As I read the majority opinion, it holds that instruction 5

is erroneous for three reasons, to wit: (1) a defendant may not invoke the no-eyewitness rule; (2) instruction 5 gives defendant the benefit of affirmative proof rather than a presumption; (3) the testimony of plaintiff and the physical facts render the no-eyewitness rule inapplicable herein. I disagree with all three propositions.

In the first place, the holding that the no-eyewitness rule is not available to a defendant is based upon a misconception of the rule. It is true that, ordinarily, the no-eyewitness rule is invoked by a plaintiff in connection with the issue of contributory negligence in an action for damages because of wrongful death of plaintiff's decedent. Accordingly, nearly every case that discusses the rule does so in connection with the issue of contributory negligence. However, the rule itself is based upon the fundamental principle that in any case, except one involving the doctrine of res ipsa loquitur, the party asserting negligence must prove it.

Negligence is not to be presumed from the occurrence of an accident; it must be proved. Gifford v. New Amsterdam Cas. Co., 216 Iowa 23, 25, 248 N. W. 235; Aita v. John Beno Co., 206 Iowa 1361, 1365, 222 N. W. 386, 61 A. L. R. 351; Orr v. Des Moines Elec. L. Co., 207 Iowa 1149, 1153, 222 N. W. 560; Reimer v. Musel, 217 Iowa 377, 380, 251 N. W. 863; Cabrnosh v. Penick & Ford, 218 Iowa 972, 252 N. W. 88; Bauer v. Reavell, 219 Iowa 1212, 1219, 260 N. W. 39, 43.

In the case last cited, we state:

"It is the settled doctrine that negligence is never presumed but must be proven as alleged."

This is the general rule in other jurisdictions as well. In 20 Am. Jur. 214, 215, section 217, it is stated:

"It is often declared that negligence is never presumed against either party to an action; on the contrary, the presumption exists that each was in the exercise of ordinary care."

Pursuant to the rule, courts have repeatedly announced that there is a presumption that the defendant as well as the plaintiff exercised reasonable care and was not negligent. Woolworth Co. v. Williams, 59 App. D. C. 347, 41 F. 2d 970, 971;

Miller v. Southern Pac. Co., 82 Utah 46, 21 P. 2d 865, 878, 879, certiorari denied 290 U. S. 697, 54 S. Ct. 207, 78 L. Ed. 600; Parave v. Public Service Interstate Transp. Co., 109 N. J. L. 155, 160 A. 375; Durning v. Hyman, 286 Pa. 376, 133 A. 568, 569, 53 A. L. R. 851. The statements contained in Vance v. Grohe, 223 Iowa 1109, 1117, 274 N. W. 902, 116 A. L. R. 332, and Swift & Co. v. Holoubek, 60 Neb. 784, 84 N. W. 249, 253, which the majority opinion casts aside as dicta, are in accord with such pronouncements. See, also, Bennett v. Atchison T. & S. F. Ry. Co., 191 Iowa 1333, 1337, 183 N. W. 424, 427, wherein we quote with approval from Looney v. Metropolitan R. Co., 200 U. S. 480, 26 S. Ct. 303, 50 L. Ed. 564, the statement: " 'A presumption in the performance of duty attends the defendant, as well as the person killed.' "

The no-eyewitness rule is invoked, ordinarily, to aid a plaintiff in proving that his decedent was not guilty of contributory negligence. In the absence of any evidence on the issue, the presumption of due care makes out a prima facie showing. Brown v. West Riverside Coal Co., 143 Iowa 662, 120 N. W. 732, 28 L. R. A., N. S., 1260; Platter v. Minneapolis & St. L. Ry. Co., 162 Iowa 142, 143 N. W. 992; Carpenter v. Loetscher-Jaeger Mfg. Co., 178 Iowa 320, 157 N. W. 938; Stukas v. Warfield-Pratt-Howell Co., 188 Iowa 878, 175 N. W. 81; Laudner v. James, 221 Iowa 863, 266 N. W. 15. However, if there are witnesses to every material fact on the issue of decedent's negligence, or the physical facts negative the possibility of due care on his part, the no-eyewitness rule does not apply. Spooner v. Wisecup, 227 Iowa 768, 288 N. W. 894; Hittle v. Jones, 217 Iowa 598, 250 N. W. 689; Ames v. Waterloo & C. F. R. T. Co., 120 Iowa 640, 95 N. W. 161.

I can see nothing about the no-eyewitness rule that sets it apart from other rules that are based on a presumption. If there is no evidence on the issue, the presumption obtains. If there is evidence from eyewitnesses or physical facts, the presumption may be overcome. Such is the fate of every rule based on a presumption. There is nothing about the rule that limits it to the issue of contributory negligence.

The case of In re Estate of Hill (Gaard v. Bank), 202 Iowa

1038, 208 N. W. 334, 210 N. W. 241, involved an action by Gaard's Estate against Hill's Estate, arising out of an automobile accident in which both Gaard and Hill were killed. The first opinion, reported in 208 N. W. 334, squarely held that the no-eyewitness rule, if available to one decedent, was also available to the other. The supplemental opinion, reported in 210 N. W. 241, modified the original opinion, eliminated such statement and substituted a statement that, if the physical facts warranted a finding of negligence on the part of Hill, they also showed negligence on the part of Gaard, so that plaintiff failed to establish his case. I do not think that such opinion is subject to the interpretation of the majority herein, that the no-eyewitness rule is not available to a defendant's decedent.

In the case of Stephenson's Admx. v. Sharp's Exrs., 222 Ky. 496, 1 S. W. 2d 957, 959, 960, the facts were analogous to those in that of Hill's Estate, supra, and the court held that the presumption of due care applied to both decedents. Similarly, in Yarnell v. Kansas City Ft. S. & M. R. Co., 113 Mo. 570, 579, 21 S. W. 1, 3, 18 L. R. A. 599, the court states:

"This record is utterly barren of any testimony showing or tending to show how or in what way Yarnell came to his unfortunate death. * * * It has been suggested that it will be *presumed* that Yarnell was in the exercise of '*due care.*' This may be granted, but, while indulging this presumption, it must not be forgotten that *everyone* is presumed to properly acquit himself of his engagements and his duty. Lenox v. Harrison, 88 Mo. 491 and cases cited. And that carriers of passengers are by no means outside of the pale of this favorable presumption. So that the result is that one presumption rebuts and neutralizes the other, like the conjunction of an *acid* and an *alkali.*"

The foregoing pronouncement is cited with approval in State ex rel. Missouri Pub. Util. Co. v. Cox, 298 Mo. 427, 250 S. W. 551, 552.

From the foregoing, it seems to me that, in a case where the estate of one deceased is made defendant and the issue is whether such decedent was negligent, if there are no witnesses, the no-eyewitness rule is just as much available to a defendant's

decedent as to a plaintiff's decedent. The holding of the majority to the contrary seems to me to be clearly erroneous.

It is suggested by the majority as its second reason for holding that instruction 5 is erroneous, that giving the defendant the benefit of the no-eyewitness rule on an issue as to which he has no burden of proof gives him the benefit of evidence rather than a presumption. This theory is directly opposed to the cases above reviewed that hold that a defendant as well as a plaintiff is entitled to a presumption of due care. I find no case supporting the holding of the majority. The case of Owen Motor Freight Lines v. Russell's Admr., 260 Ky. 795, 86 S. W. 2d 708, 714, is directly contra, the court stating that the burden of proof has nothing to do with the application of the rule. The holding of the Kentucky court is in accord with the rule of a number of states which hold that the no-eyewitness rule is available to a plaintiff on the issue of contributory negligence even though the burden of proof as to that issue is on the defendant in such jurisdictions. See Marchetti v. Southern Pac. Co., 204 Cal. 679, 269 P. 529; Dunne v. Hines, 50 Cal. App. 345, 195 P. 276; Robbins v. Southern Pac. Co., 102 Cal. App. 744, 283 P. 850; Holland v. Boston & M. R. R. Co., 279 Mass. 342, 181 N. E. 217; Sarna v. American B. M. Corp., 290 Mass. 340, 195 N. E. 328.

The instruction given herein is a correct statement of the no-eyewitness rule and is stated in language similar to that used by this court repeatedly in stating the rule. Dalton v. Chicago, R. I. & P. R. Co., 104 Iowa 26, 28, 73 N. W. 349; Lunde v. Cudahy Pack. Co., 139 Iowa 688, 695, 117 N. W. 1063; Merchants T. & S. Co. v. Chicago, R. I. & P. R. Co., 170 Iowa 378, 392, 150 N. W. 720; Jenkins v. Hawkeye C. M. Assn., 147 Iowa 113, 118, 124 N. W. 199, 30 L. R. A., N. S., 1181; Arnold v. Douglas & Co., 176 Iowa 405, 418, 155 N. W. 485; Lorimer v. Hutchinson Ice Cream Co., 216 Iowa 384, 390, 249 N. W. 220. I do not think that instruction 5 is in any way objectionable from the standpoint of giving undue benefit to the decedent's estate.

Turning to the third ground for reversal herein, I cannot agree with the majority holding that the testimony of plaintiff and the physical facts showed decedent to be guilty of negli-

gence as a matter of law so that the no-eyewitness rule was not applicable herein.

It is true that plaintiff testified as a witness to the accident. He saw the decedent when plaintiff was about 150 feet from the lane. He does not pretend to testify to what decedent did thereafter until plaintiff was 4 feet from the lane. If decedent was negligent, his negligence occurred during the period of time when there is no testimony concerning his conduct. Because of the absence of testimony during that period of time, the no-eyewitness rule is applicable herein and instruction 5 was proper. Arnold v. Douglas & Co., supra; Gray v. Chicago, R. I. & P. R. Co., 160 Iowa 1, 15, 16, 139 N. W. 934; Laudner v. James, supra; Barrett v. Chicago, M. & St. P. R. Co., 190 Iowa 509, 519, 520, 175 N. W. 950, 180 N. W. 670.

By reason of the foregoing, I would affirm.